## THE CARROLL.

### (Circuit Court of Appeals, Second Circuit. December 11, 1917.)

### No. 78.

SHIPPING ☞54—CHARTER—LIABILITY OF CHARTERER FOR INJURY TO VESSEL.

Libelant chartered a barge for one year to respondent by a charter which required the charterer to exercise ordinary care and skill in its use, and to return it in as good condition as when received, reasonable wear, damage caused by accidents of the seas, etc., excepted. Libelant furnished a master, who was accepted and paid by respondent, which, however, was not bound to keep him. *Held*, that the charter was a demise, which made the charterer a bailee and liable for failure to return the barge in good condition, unless the injury or loss was occasioned by some act of libelant, or one for whom he was responsible, or by an excepted cause, which could not be avoided by the exercise of ordinary care and skill; that the master was not the servant of libelant, but of respondent; and that leaving the barge, which was without motive power, in an exposed position for 18 hours, where she was injured by the action of the seas, was a failure to exercise ordinary care, which rendered respondent liable for the injury.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in admiralty by Lewis K. Thurlow, owner of the barge Panay, against the New England Steamship Company, Skeffington S. Norton, Joseph T. Lilly, John B. O'Reilly, and John T. Farrell, composing the firm of Norton, Lilly & Co., and the steamtug Carroll, the Carroll Towing Line, claimant. Decree for libelant against the New England Steamship Company, which appeals. Affirmed.

Libelant owns the barge Panay, and sued for injury to that vessel, caused by unnecessary exposure to a severe gale. The Panay was chartered by libelant to the New England Steamship Company for one year, by an instrument giving the charterers the bare boat; i. e., without crew or master. Libelant furnished a master, whom charterer accepted and paid, but there was no obligation to keep the man, and as matter of fact he was shifted to another boat of respondent's fleet at charterer's will. The charter party required

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

charterer "to exercise ordinary care and skill in * * * using * * * said barge, * * * to return the said barge * * * at the expiration of this charter party in as good order and condition as when received, reasonable wear and tear and damage caused by the acts of God, * * * strandings, and all other dangers and accidents of seas, rivers, harbors, and navigation excepted."

The charterer loaded the Panay with cargo for a steamer lying at the Bush Terminal, obtained a permit from the agents for said steamer, Norton, Lilly & Co., to put it aboard, placed the barge alongside the steamer, and left her with the barge master aboard. The tug Carroll subsequently removed the Panay to a berth where she was more exposed to the weather, the wind and sea rose during the night, and early next morning the barge master reported to the charterer by telephone that he was in danger. The charterer's agents did not promptly get assistance to her, so that after some hours she dumped her cargo and was herself considerably injured. This occurred more than 18 hours after the Carroll had taken her from alongside the steamer.

The libel charged the New England Steamship Company as charterer, and accused both respondents and the Carroll of negligence in giving the Panay a dangerous berth and not timely taking her to a place of safety. The court below entered decree against New England Steamship Company only, and dismissed the libel as to Norton, Lilly & Co. and the Carroll. The New England Steamship Company took this appeal.

Hyland & Zabriskie, of New York City (Nelson Zabriskie, of New York City, of counsel), for libelant.

Charles M. Sheafe, Jr., of New York City, for New England S. S. Co.

Kirlin, Woolsey & Hickox, of New York City (Cletus Keating and John M. Woolsey, both of New York City, of counsel), for Norton, Lilly & Co.

Foley & Martin, of New York City (William J. Martin and George V. A. McCloskey, both of New York City, of counsel), for the Carroll.

Before WARD, ROGERS, AND HOUGH, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). That the charter party was a demise, and made the New England Steamship Company a bailee, admits of no doubt. There was not even the usual hiring of the boat and taking the master with her, he remaining under owner's pay, which we have repeatedly held to constitute a demise in respect of harbor craft. Hastorf v. Long, etc., Co., 239 Fed. 852, 152 C. C. A. 638; Monk v. Cornell, etc., Co., 198 Fed. 472, 117 C. C. A. 232. This scow master was entirely the servant of the charterer; the charterer appointed and controlled him; that he came with the boat is not decisive. Hahlo v. Benedict, 216 Fed. 303, 132 C. C. A. 447. The New England Company was therefore by its contract liable for failure to return the Panay in good order and condition, unless her injury or loss was occasioned by some act of the owner, or of one for whom the owner was responsible, or by a cause excepted in the charter party. These exceptions are understood to mean such causes of injury as could not be prevented or avoided by the exercise of that ordinary skill and care covenanted for by the charterer—if not implied from the nature of the agreement.

That barges without motive power are daily insured from injury by

removing them to more sheltered berths is a matter of common knowledge. Danger of this kind may be, and commonly is, avoided by the exercise of this ordinary care and skill. Therefore the libel must be sustained against the New England Steamship Company, unless the injury was caused (a) by the negligence of the master, who (b) at such time was the servant or agent of the owner. Since, as above pointed out, this master was for all purposes the charterer's master, it makes no difference to this libelant whether he was negligent or not. Therefore that defense fails, although it may be said in passing that we perceive no fault in him.

Though Norton, Lilly & Co. were the agents of the steamship, the evidence proves that, after they had issued to the New England Steamship Company the "permit" for cargo, they had nothing more to do with the management or berthing of barges like the Panay. That matter was in charge of the lessees of the wharf at which the steamer lay, whose employé gave directions as to how barges should be unloaded and where they should lie while awaiting their turn. He it was who employed and directed the Carroll to put the Panay where, on the following day, she was injured by storm. This wharfinger is not a party to this suit, and therefore the question of negligence on his part is not before us. The Carroll was not even called upon to produce evidence in the court below, and it is plain that her relation to the injured barge terminated when in calm weather she placed the Panay where ordered by the wharfinger's agent.

The decree below is affirmed, with costs to all the appellees.