HENRY C. WINTRINGHAM, Respondent, *v.* J. NOBLE HAYES, Appellant.

While the burden of proof rests upon a bailor charging negligence against the bailee where goods in his hands have been injured by accident, proof of the nature of the accident may afford *prima facie* proof of negligence, so as to require proof from him to counteract its effect.

Where, in an action for services and materials furnished to defendant's yacht, the latter set up as a counterclaim damage alleged to have resulted from plaintiff's negligence in the performance of a contract to take care of the yacht while out of commission, *held*, that proof of the condition of the yacht when delivered to plaintiff, the nature of injuries which she subsequently sustained, and that they were not the result of ordinary wear and tear, made out a *prima facie* case calling upon plaintiff for evidence to rebut the presumption of negligence.

Also *held*, that testimony of an expert as to whether the injuries shown to have been sustained by the yacht were the result of ordinary wear and tear was competent.

After evidence had been given as to the condition of the yacht before and after the injury, defendant, to prove the amount of damages, called a shipwright and put to him a hypothetical question assuming the conditions before and after the injury, and asking what it would cost to put the yacht in as good condition as it was before the injury. The question was objected to and excluded. *Held*, error; that the opinion of experts was proper upon the subject and was properly called for by the question.

*Wintringham* v. *Hayes* (3 Misc. Rep. 604), reversed.

(Argued October 30, 1894; decided November 27, 1894.)

APPEAL from judgment of the General Term of the City Court of Brooklyn, entered upon an order made May 22, 1893, which modified and affirmed as modified a judgment in favor of plaintiff entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*J. Noble Hayes* for appellant. The amount in controversy, including counterclaim, is over $500, and the case is within the jurisdiction of this court. (*Crawford* v. *N. S. Bank*, 92 N. Y. 631; *Reed* v. *Trowbridge*, 106 id. 657; *Campbell* v. *Mandeville*, 110 id. 628.) The principle of law as applied to this case, that where property in the exclusive possession of a bailee is injured in a way that ordinarily does not occur without negligence, the burden of proof is on the bailee to show that the injury was not occasioned by his negligence, was properly decided by the General Term. (Story on Bail. [9th ed.] 366, § 411; *Collins* v. *Bennett*, 46 N. Y. 40; *Wheeler* v. *O. S. N. Co.*, 125 id. 62; *Funkhouser* v. *Wagner*, 62 Ill. 39; *Bois* v. *H. R. R. Co.*, 37 Conn. 272; *McDaniels* v. *Robinson*, 26 Vt. 216; *Wiser* v. *Chelsey*, 53 Mo. 547.) The General Term having decided that the referee erroneously dismissed the first counterclaim, should have sent the case back for a new trial, and the modification and affirmance of this judgment was error, as the defendant was entitled to an absolute reversal. (*Griffin* v. *Marquadt*, 17 N. Y. 28; *Ehrichs* v. *De Mill*, 75 id. 370; *Wolstenholms* v. *W. M. Co.*, 64 id. 272; *Gurnsy* v. *Miller*, 80 id. 184; *Cullen* v. *Griswold*, 55 id. 400; *King* v. *Barnes*, 109 id. 283.) The court erred in excluding the question asked of the defendant's expert witness, Merrick D. Lawrence, a shipbuilder, as to the cost of repairing the boat, assuming her dimensions, age, etc., and her condition, both before and after the accident, to have been as stated in the hypothetical questions propounded. (71 N. Y. 453; *Hine* v. *N. Y., etc., R. R. Co.*, 36 Hun, 293; *R. R. R. Co.* v. *Budlong*, 6 How. Pr. 467; *In re Utica R. R. Co.*, 56 Barb. 456; Rogers' Expert Testimony, 370.) The findings of fact that

one of the small boats of the yacht *Vision* was never delivered into the plaintiff's possession under the contract proven are erroneous, there being not only no evidence to sustain them, but the contrary having been expressly proven by the plaintiff himself. (*Wheeler* v. *O. S. N. Co.*, 125 N. Y. 93; *Ouderkirk* v. *C. N. Bank*, 119 id. 267; *A. M. Ins. Co.* v. *McLeon*, 48 Barb. 28.) The referee erred in admitting evidence of conversations had between the defendant and plaintiff's counsel and letters exchanged in an effort to settle this controversy out of court. (*Draper* v. *Hatfield*, 124 Mass. 53; *Lawrence* v. *Hopkins*, 13 Johns. 288; *Campau* v. *Dubois*, 39 Mich. 274; *West* v. *Smith*, 101 U. S. 263; *Softs* v. *Hudson*, 2 M. & R. 481–484; *H. Ins. Co.* v. *B. W. Co.*, 93 U. S. 527.)

*R. Burnham Moffat* for respondent. The appeal should be dismissed because the matter in controversy is less than $500. (Code Civ. Pro. § 191; *St. Clair* v. *Day*, 89 N. Y. 357; *Pennie* v. *Co. Ins. Co.*, 67 id. 278; *Roosevelt* v. *Linkert*, Id. 447; *Petrie* v. *Adams*, 71 id. 79; *Davidson* v. *Alfaro*, 80 id. 662; *Knapp* v. *Deyo*, 108 id. 518; *Campbell* v. *Mandeville*, 110 id. 628; *T. C. Co.* v. *Doyle*, 133 id. 603.) Evidence that goods bailed have become damaged while in the possession of the bailee does not of itself make out a *prima facie* case of negligence against the bailee. (*Claflin* v. *Meyer*, 75 N. Y. 260; *Platt* v. *Hibbard*, 7 Cow. 497; *Collins* v. *Bennett*, 46 N. Y. 490; *Lamb* v. *C. & A. Co.*, 46 id. 278; *Whitworth* v. *E. R. Co.*, 7 id. 413; *Stewart* v. *Stone*, 127 id. 500; *Willett* v. *Rich*, 142 Mass. 356; *Mulaney* v. *Taft*, 60 Vt. 571; *Cross* v. *Brown*, 41 N. H. 283; *Runyan* v. *Caldwell*, 7 Humph. 134; *Boswell* v. *Collins*, 8 Atl. Rep. 845.) The exceptions taken by defendant on the trial were all unavailing. (*Slocovich* v. *Ins. Co.*, 108 N. Y. 56; *Roberts* v. *R. R. Co.*, 128 id. 464; *Doyle* v. *M. R. Co.*, Id. 499.)

BARTLETT, J. This is an appeal by the defendant from a judgment of the General Term of the City Court of Brooklyn

modifying and affirming a judgment for plaintiff on trial before a referee.

The plaintiff, a yacht builder, sued for services rendered and materials furnished to defendant's yacht, White Wing.

The defendant contested the plaintiff's claim and set up two counterclaims; the first alleged that plaintiff was indebted to the defendant in the sum of five hundred dollars for damages growing out of plaintiff's negligence in the performance of a contract to give a mooring berth and take care of defendant's yacht, White Wing, while out of commission; the second averred that plaintiff through his negligence had lost, or failed to deliver upon demand, to defendant, a yacht's small boat of the value of sixty-five dollars.

The referee allowed the plaintiff's demand and dismissed both counterclaims.

The General Term held that the first counterclaim was improperly dismissed on the ground that certain evidence was erroneously excluded and that a presumptive case of negligence was made out against plaintiff.

Instead of reversing the judgment and ordering a new trial the General Term held that the amount in dispute under the first counterclaim was thirty-six dollars, and that the judgment should be reduced by that amount and interest, making a total of forty-one $\frac{85}{100}$ dollars, and as so reduced should be affirmed, or in default of reduction reversed.

The plaintiff stipulated to reduce the judgment, and thereupon it was affirmed.

The General Term was obviously in error in holding that thirty-six dollars and interest was the amount involved under the first counterclaim.

The defendant claimed that his yacht, while in plaintiff's custody, was seriously damaged and demanded $500. The defendant, under cross-examination, testified that in a conversation with the plaintiff, the latter said that to make temporary repairs of the yacht and to put it in shape where injuries would not go any farther it would cost about thirty-six dollars. The defendant then adds : " I am not able to recollect fully

what the repairs were beyond they were temporary. It was not pretended that they would put the boat back in her original shape." This is not denied by plaintiff, although he was afterwards recalled as a witness several times.

The defendant sought to prove the amount of his damages under this counterclaim by calling as a witness Maurice D. Lawrence, a shipwright. This witness was put a hypothetical question which assumed the condition of the yacht before and after her injury, and then asked what it would cost to put the boat after the damage described in as good condition as she was assumed by the question to be at the time she was laid up. This question was objected to and excluded.

We think this was error; the question was within the well-settled rule, as laid down by this court, that when the testimony of experts is proper, counsel may assume the existence of any state of facts which the evidence fairly tends to justify. (*Stearns* v. *Field*, 90 N. Y. 641 and cases cited.)

Defendant's effort to make this proof is further evidence that the General Term was mistaken in assuming that the amount in dispute was thirty-six dollars and interest.

We agree with the General Term that it was error in the referee to exclude the evidence of John Macdonald (a ship-master, who was in command of the White Wing the season before plaintiff took charge of her), when asked if the injuries to the yacht were the result of ordinary wear and tear.

While it is true, as a general proposition, that a bailor charging negligence on the part of a bailee rests under the burden of proof, yet oftentimes slight evidence will shift the burden to the bailee. In an action against a bailee for loss or damage to goods by accident, proof of nature of the accident may afford *prima facie* proof of negligence. (*The J. Russell Mf'g Co.* v. *N. H. Steamboat Co.*, 50 N. Y. 121.)

In the case at bar if the defendant in support of his first counterclaim is able to prove the condition of the yacht when delivered to plaintiff, the nature of the subsequent injuries she sustained, and that they were not the result of ordinary wear and tear, he will have made out a *prima facie* case, and the

burden of proof will be shifted to the plaintiff, who, as bailee, had the yacht exclusively within his control and should be able to show the manner in which he discharged his contract obligations in the premises. (*Curtis* v. *Rochester and Syracuse R. R. Co.*, 18 N. Y. 544; *Collins* v. *Bennett*, 46 id. 494.) We, of course, express no opinion as to the merits, but simply lay down the rule of evidence applicable to this case.

By reason of the errors disclosed in this record before the referee and at the General Term there must be a new trial.

In view of this conclusion, it is unnecessary to examine the question presented by the dismissal of the second counterclaim.

The respondent's point that the appeal should be dismissed, because the matter in controversy is less than five hundred dollars, is not well taken.

The judgment appealed from is reversed, with costs to abide the event and a new trial ordered.

All concur.

Judgment reversed.