### THE WILLIE.

### THE THOMAS CONNELL.

(Circuit Court of Appeals, Second Circuit. February 15, 1916. On Petition for Rehearing, February 25, 1916.)

#### No. 90.

1. SHIPPING ⟨key⟩41—CHARTERS—DEMISE OF SCOW.

Charters of scows in New York Harbor, without motive power of their own and subject to the orders and control of the charterers, are treated as demises, even though the owner keeps a man aboard, called captain by courtesy.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 149–155; Dec. Dig. ⟨key⟩41.]

2. COLLISION ⟨key⟩115—SCOWS DEMISED TO CHARTERER—LIABILITY.

Identical charters of scows to the same charterer, which were demises, provided that the charterer should be responsible for any damage caused by the negligence of its employés in loading or unloading. One of such scows was injured by another belonging to another owner through negligence of the charterer's foreman in loading. *Held*, that the charterer was liable under the charter, and that, although the owner of the offending scow was not liable, because the charter was a demise, such fact did not prevent the scow from being held liable in rem by the owner of the injured vessel.

[Ed. Note.—For other cases, see Collision, Cent. Dig. §§ 244–247; Dec. Dig. ⟨key⟩115.]

---

On Petition for Rehearing.

3. ADMIRALTY ⊜118—APPEAL—ISSUES.

An appeal in admiralty is a new trial, and vacates the decree below; and although one respondent alone appeals, it may assign error in the failure to hold a co-respondent liable, and may avail itself of charges of fault against such co-respondent contained in the libel.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 758–775, 794; Dec. Dig. ⊜118.]

Appeal from the District Court of the United States for the Eastern District of New York.

Suit in admiralty by the Ætna Insurance Company and Tony Ross against the Borough Development Company, impleaded with the steam tug Willie and the scow Thomas Connell. Decree against the Borough Development Company alone, and it appeals. Modified and affirmed.

Alexander & Ash, of New York City (Mark Ash, of New York City, of counsel), for appellant.

Foley & Martin, of New York City (William J. Martin and George V. A. McCloskey, both of New York City, of counsel), for appellees Ætna Ins. Co. and Ross.

Hyland & Zabriskie, of New York City (Nelson Zabriskie, of New York City, of counsel), for the Thomas Connell.

Before LACOMBE, COXE, and WARD, Circuit Judges.

WARD, Circuit Judge. The Borough Development Company is a corporation engaged in the business of transporting ashes and other refuse for the city of New York, and has a dump at the foot of Fulton street, Brooklyn, where it loads scows for that purpose. May 15, 1913, the scow Thomas Connell was lying loaded under the dumpboard with the light scow Ward A outside of her. One Curran, the Borough Development Company's foreman, ordered the tug Willie to wind the scows around so as to put the Ward A under the dumpboard with the scow Connell outside of her. As this was being done the load on the Connell shifted against the starboard rail, broke it, and opened up a seam on the deck through which she took on water. This gave her an outboard list, which gradually increased, with the effect that the Connell's bilge was brought with an ever-increasing pressure against the bottom of the light scow Ward A and a constantly increasing strain was put upon the lines. An effort was made to correct the list by trimming the cargo of the Connell, but without success, and she tore off several planks from the bottom of the Ward A, causing her to sink, and shortly after sinking herself. It is said by some of the witnesses that all this could have been prevented if the captain of the Ward A had let the Connell's lines go. The circumstances, however, show that it would have been impossible to do this because of the strain on them, and that the only remedy would have been to cut the lines. The District Judge found that when the captain was about to do this he was stopped by Curran, who told him that he would be arrested if he did so.

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The libelant insurance company, having paid the damages sustained by the Ward A, filed a libel against the Borough Development Company, the tug Willie, and the scow Connell, charging each with fault. The District Judge, finding no fault with the tug, dismissed the libel as to her, and also as to the Connell, on the ground that her fault, if any, was not the proximate cause of the injury, but that the Borough Development Company was solely at fault, because its foreman, who was in charge of both scows, by his order to the captain of the scow Ward A, prevented the last chance of saving her. We agree with the court as to the fault of the tug and the fault of the Borough Development Company, but we think that the scow Connell should not have been exonerated.

[1] Charters of scows in this harbor, without motive power of their own and subject to the orders and control of the charterers, are treated as demises, even though the owner keeps a man aboard, called captain by courtesy. Monk v. Cornell Steamboat Co., 198 Fed. 472, 117 C. C. A. 232.

[2] The charter parties of the Ward A and Connell contained the following clauses:

"Second. We will furnish a captain for each scow at our own expense, who will be under your control and orders, but you are not to be responsible for the acts of the captains in the care, navigation, or movement of said scows, and we will save you harmless and defend you from any claims, actions or suits arising therefrom.

\* \* \* \* \* \* \* \*

"Fourth. You are responsible for all repair of damage done to said scows in loading or unloading, where such damage is caused by the negligence of your employés or the imperfection of your machinery or appliances. In case of damage to scows in tow, or by another vessel, the towboat or vessel at fault and its owners shall alone be held responsible. You are not to be held responsible for damage done by ice, storm, fire, the elements, the act of God, or causes beyond your control, or for repairs that are due to the ordinary wear and tear of the scows, and we will at all times keep the scows in repair and fit for service in which they are engaged, excepting in so far as concerns the repair of damage for which you are responsible."

We see nothing in these provisions to prevent the owners of the Ward A from holding the Borough Development Company and the scow Connell liable for their own defaults, respectively. They must be construed so as to give effect to each, if possible. The damage to the Ward A in this case was caused by the negligence of the Borough Development Company's foreman, who was in charge of both scows, in loading, for which the first clause in the fourth article makes it liable. It was also caused by another vessel, for which, literally construed, the owners of such vessel, the scow Connell, were alone to be held responsible. But the charter being a demise, the owners of that scow would not be responsible at all, so that this second clause should not apply. The scow was in the sole charge of the charterer, and was put into and kept in the dangerous position by its foreman, and it would be a very unfair construction to apply the clause so as to relieve the charterer from the consequences of its own negligence.

So far as the libelant's claim against the scow Connell is concerned, it seems to us it makes no difference whether the Connell injured the Ward A as the result of the negligence of the Borough Development

Company in giving her an unsafe berth where she grounded, or as the result of being improperly laden, either by the Borough Development Company or by her own captain, or as the result of her unseaworthiness because of the negligence of her owners. In any case she did the damage, and was proceeded against in rem as the guilty thing. Her liability is fully raised in this court by the appellant's assignments of error, and we think that the District Judge erred in discharging her.

Accordingly the court below is directed to enter the usual decree in favor of the libelant for damages, with costs against the Borough Development Company and the scow Connell, costs of this court to the libelant against the Borough Development Company and to the Borough Development Company against the Connell, and the decree, so modified, is affirmed.

## On Petition for Rehearing.

PER CURIAM. Where a boat lying motionless at a pier has her bottom torn out of her by a boat alongside, the latter is liable for the injury in rem, unless her claimant shows that it was an inevitable accident. In this case the presumption of negligence arose against the scow Connell exactly as if she had navigated straight into the Ward A, under which circumstances it would be no defense that she was being navigated by a charterer. As the charter was a demise, the charterer might, as between it and the owner of the Connell, be primarily responsible; but the claimant of the Connell did not establish that the charterer was primarily responsible. Therefore the decree should be absolute against the scow.

[3] An appeal in admiralty is a new trial; the decree of the court below is vacated. If the scow Connell was erroneously discharged, this court ought to order her to be held, if it is possible to do so. The libelant did not appeal, but the respondent, the Borough Development Company, did. This obliged it to file assignments of error. Its assignments, as well as its brief, covered charges of negligence against the Connell, and it may avail of the charges of negligence contained in the libel. The libelant becomes entitled to a decree against both of the defendants, although it did not appeal. This is necessary to protect the rights of the appellant. Munson Line v. Miramar S. S. Co., 167 Fed. 960, 93 C. C. A. 360; The Galileo (C. C.) 29 Fed. 538. The appellant, which has succeeded in holding the Connell liable, is entitled to the costs of this court as against her.

The petition for a rehearing is denied.