## HILDEBRANDT v. FLOWER LIGHTERAGE CO.

(District Court, S. D. New York. June 19, 1919.)

Shipping ⊚=58(2) —Burden of proof stated, where demised vessel is returned injured.

> The burden of proof of the owner to establish negligence of lessee, in case of return of demised boat injured, is met by showing failure to return in good condition, subject to ordinary wear and tear, and this puts on defendant the burden .of going forward with evidence to show lack of diligence; but when the respondent gives proof of just what was done, though the cause of the particular damage is not shown, the burden of showing negligence remains on libelant.

In Admiralty. Libel by John Hildebrandt against Flower Lighterage Company. Libel dismissed.

Macklin, Brown & Purdy, of New York City, for libelant.
Foley & Martin, of New York City, for respondent.
Burlingham, Veeder, Masten & Fearey, of New York City, for claimant.

MACK, Circuit Judge (orally). In order to give you a full opportunity for review, I state my conclusions of fact and my views on the law. So far as the tug is concerned, this is an action in rem against the tug. The tug must be shown to have been guilty of some negligence. There is no proof of that whatsoever. The evidence is that the tug took her, and took her properly, tied her up in a proper place, as appears from the evidence. I do not see how, under the circumstances, any case has been established by the libelant or the respondent as against the tug, so that the libel against the tug will have to be dismissed.

Now, as between the libelant and the respondent, the bailee is liable for the exercise of ordinary care; it responds in damages, if it fails to exercise ordinary care in the protection of the property. It is held

that in a bailment of this kind the fact that the accident happens, that the damage is done while the boat is in the bailee's possession, that the bailee is not able to return it in good condition subject to ordinary wear and tear, establishes a prima facie case of fault. In other words, it is up to the bailee to rebut the prima facie case; that is, to explain the situation. I cannot agree with counsel that the prima facie case can be met only by showing how the accident happened. In my judgment, the true principle of law is that the burden of proof is on the libelant to establish negligence; that that burden is prima facie met in the case of a demise by showing a failure to return in good condition, subject to ordinary wear and tear. That puts upon the defendant the burden of going forward with evidence to show a lack of negligence on its part. But, when all the evidence is in, the court must weigh the situation and say: Was the respondent guilty of negligence or not? Now, what is shown in this case? It is shown that the defendant acted properly, so far as it is concerned, in the handling of the boat, in the loading of the cargo on the boat. It did nothing, so far as the evidence shows, that can be called negligence, and everything that it did do is shown. It is immaterial whether, if the master had been present, the accident would not have happened, because the respondent is not liable for the master's being absent. In so far as that would have any bearing on the case, it would be a responsibility of the libelant. I am assuming, because I believe that the evidence sustains it, that the boat was in seaworthy condition when it was handed over to the respondent. It follows, therefore, that the damage occurred after it was handed over to the respondent. That reduces the inquiry to this: Was the respondent guilty of negligence, by which that damage occurred? As I say, if there were no proof at all, except the handing over, for the failure to return they would be liable; when there is proof of just what was done, even though the cause of the particular damage is not shown, the burden of showing negligence remains on the libelant.

In my judgment, that burden has not been met; there has been no showing of negligence. It may be that the boat was badly shifted by the tug. It may be that the damage was done in the shifting; but there is no proof of that, and while, of course, the tug is not liable, in the absence of proof that the damage occurred because of faulty shifting, in my judgment the respondent is not liable for the fault of shifting, if there was fault of shifting, on the part of the tug. The tug was not the agent of the respondent, so as to make the respondent absolutely liable for its acts, and therefore the respondent is not bound to show affirmatively that the tug shifted properly, and that the damage did not occur while the tug was shifting, or as a result of the shifting, or as the result of the tying up.

But, even if I am wrong in this, even if the respondent would be liable for the acts and neglects of the tug, and even if, in the absence of any evidence whatsoever bearing on the subject, except the mere fact that the tug moved the boat, it should be assumed that there was a negligent moving, a negligent shifting, because of some burden of going forward on the part of the respondent which had not been met, even then, in my judgment, that is not the situation here, because the

captain of the tug has testified, and his testimony would rebut any prima facie case as against the respondent and not merely as against the tug, that there was a negligent shifting and that the damage arose from that.

It follows, therefore, that while it cannot be positively said how the damage arose, the probability, under all the evidence, is that it arose after the boat was shifted. Whether some passing vessel knocked a hole in it, or in what other way the thing happened, is merely guesswork. It is my judgment, however, that the evidence affirmatively shows, if that were necessary, the exercise of ordinary care on the part of the respondent and it therefore meets the prima facie case.

The libel will be dismissed.