## C. F. HARMS CO. v. TURNER CONST. CO.

### (District Court, E. D. New York. June 18, 1923.)

1. **Shipping ☞54—Charterer, not specifically agreeing to return barge in good condition, liable only for negligence.**

   Under the usual verbal harbor charter, with no specific provision for return of barge in good condition, subject to ordinary wear and tear, charterer *held* liable only for negligence.

2. **Shipping ☞58(2)—Sinking of barge, seaworthy when delivered, makes prima facie case against charterer.**

   That barge, which was seaworthy when delivered to charterer, sank while in its possession and could not be returned in good condition, subject to ordinary wear and tear, established prima facie case of fault, and put the burden on it to rebut such prima facie case, and explain the situation.

3. **Shipping ☞58(2)—Showing how sinking of chartered barge occurred not the only way of meeting prima facie case.**

   Charterer of barge, which sank while in its possession, and which was seaworthy when delivered, was not required to show how the accident happened, as the only way of meeting the prima facie case against it.

4. **Shipping ☞54—Duties of charterer of barge stated.**

   Charterer of barge under usual verbal harbor charter was bound not to overload the barge, to provide safe berth for her, and to warn her of any danger.

5. **Shipping ☞58(2)—Libelant had burden of showing charterer's negligence, and, when prima facie case rebutted, burden rested on it.**

   Owner of barge, suing charterer for loss from sinking, was under duty of showing negligence, and, when its prima facie case, arising from proof of delivery in seaworthy condition and sinking while in charterer's possession, was rebutted, the burden still rested on it.

6. **Shipping ☞62—Negligence of captain held attributable to owner, and not to charterer.**

   Where owner furnished and paid captain of chartered barge, his neglect to breast off and leave enough slack on his lines to allow for low tide in tying up at a dock was attributable to the owner, and not to the charterer.

In Admiralty. Libel by the C. F. Harms Company against the Turner Construction Company. Libel dismissed.

Walter B. Hall, of New York City, for libelant.

Bigham, Englar & Jones, of New York City (Henry N. Longley and F. H. Prem, both of New York City, of counsel), for respondent.

CAMPBELL, District Judge. This is a suit in admiralty, brought by the owner of the barge Bull to recover against the charterer the damages sustained by the sinking of the barge at Degnon Dock while under charter. On or about the 12th day of April, 1920, the barge Bull was chartered by the libelant to the respondent by a verbal charter, the usual harbor charter, with no specific provision for a return in good condition, subject to ordinary wear and tear; the owner furnishing and paying the captain. On the same day the barge was delivered to the respondent.

The barge was seaworthy when delivered to the respondent, and without motive power. The barge was on or about May 15, 1920, loaded by respondent with about 9,200 bags of cement and plaster,

of 100 pounds each, about 460 tons, at Port Morris, N. Y. The captain did not object to the size of the load, and while he pumped during the loading there was nothing serious, and he said, if necessary, he could get a man to pump over Sunday. I believe the barge was seaworthy at the time and was not overloaded,

The respondent caused the barge to be towed to the Degnon Terminal in Dutch Kills creek, Long Island City, where she was tied up about 9 o'clock a. m. on Saturday, May 15, 1920. No pumping was done on the barge during the time she was towed from Port Morris to the Degnon Terminal. When the barge arrived at the Terminal the captain was on board, and the dockmaster told him that there was shoal water next to the dock and next to the bulkhead, and that the master must breast off from the dock about 5 feet and leave a slack line, so that she would keep in deep water at low tide.

The unloading of the barge was commenced, and up to 12 o'clock noon about 900 bags were removed from the barge. The barge was put in the same place she had been placed in before with as heavy a cargo, and the captain had been on the barge for some time. Between the time of the arrival of the barge and 7 o'clock p. m. the tide fell, and the captain of the barge had an opportunity to observe the conditions. About 7 o'clock p. m. on the 15th day of May, the captain of the barge went away, leaving the barge tied close up to the dock. He did not return up to 11 o'clock p. m. on that day, but he was on the barge at about 7 o'clock a. m. Sunday, May 16th, when the barge was lying close to the dock, with a heavy list away from the dock, and with the water coming over her deck; her lines being taut.

The captain tried to get help, but could not, and went to call the owner, during which time the barge sank and some of her lines parted. The libelant offered the testimony of Mr. Mackenzie to show soundings taken a short time after the sinking, which he said were taken at an extremely low tide; but I am of the opinion, from all the evidence in this case, that the berth provided for the barge by the respondent was a reasonably safe berth.

[1] The captain was properly warned to breast off and leave his lines slack, and must have known the conditions, as he was there during a low tide. The barge was seaworthy, and was not overloaded, and the sinking of the barge was occasioned solely by the failure of the captain of the barge to properly make her fast to the dock. The charterer in the instant case was liable only for negligence. The Junior (C. C. A.) 279 Fed. 407; Schoonmaker-Conners Co. v. Lambert Transp. Co. (C. C. A.) 268 Fed. 102; Dailey v. Carroll, 248 Fed. 466, 160 C. C. A. 476; C. F. Harms Co. v. Upper Hudson Stone Co., 234 Fed. 859, 148 C. C. A. 457.

[2, 3] The fact that the barge, which was seaworthy when delivered, sank while in the possession of the respondent, and could not be returned by it in good condition, subject to ordinary wear and tear, establishes a prima facie case of fault, and places on the respondent the duty of rebutting the prima facie case—that is, to explain the situation; but I do not think the only way to meet the prima facie case is by showing how the accident happened. Hildebrandt v. Flower Lighterage Co. (D. C.) 277 Fed. 436.

[4] Respondent was bound not to overload the barge, and to provide a safe berth for her, and to warn her of any danger. C. F. Harms Co. v. Upper Hudson Stone Co., supra. I am of the opinion that respondent performed this duty and was not negligent.

[5] The duty to show the negligence of the respondent was on the libelant, and, respondent having rebutted the prima facie case presented by the libelant, the burden still rests on the libelant, and it has failed to bear the same.

[6] In my opinion, the cause of the sinking was the neglect of the captain of the barge to breast off and leave enough slack on his lines to allow for the low tide, and this negligence is not attributable to the respondent, but to the libelant, as it provided and paid the captain who represented it, and was responsible for the proper tieing up of the barge. Dailey v. Carroll, supra; Hastorf v. Long, 239 Fed. 854, 152 C. C. A. 638.

I therefore find the respondent free from negligence, and that the injury resulted from the negligence of the agent or servant of the libelant, the captain of the barge. A decree may enter, dismissing the libel, with costs.