## THE MORAN NO. 10.

### MORAN TOWING & TRANSPORTATION CO. v. RARITAN COPPER WORKS et al.

District Court, S. D. New York.
March 24, 1924.

Macklin, Brown & Van Wyck and R. F. Lenahan, all of New York City, for libelant.

Carter, Carter & Phillips and Peter S. Carter, all of New York City, for Raritan Copper Works.

Kirlin, Woolsey, Campbell, Hickox & Keating and R. S. Erskine, all of New York City, for Rose & Durante.

WARD, Circuit Judge.

This suit was brought to recover for damage to libelant's scow Moran No. 10, a boat without motive power of her own, while under the ordinary harbor charter of demise at $12 a day, including the captain.

██ The law on the subject is well settled. The charterer is liable for any damage to the boat resulting from his own negligence or the negligence of any one to whom he intrusts her. The burden of proving negligence is upon the owner, but he makes out a prima facie case if he can go no further than to show that the boat was damaged during the charter period and then the burden of explanation, or, as it is sometimes said, of carrying on, lies upon the charterer. In the absence of exculpatory evidence, a presumption of negligence arises against him. Wintringham v. Hayes, 144 N. Y. 1, 38 N. E. 999, 43 Am. St. Rep. 725; Terry & Tench Co. v. Merritt & Chapman, etc., Co. (C. C. A.) 168 F. 533; Hastorf v. F. R. Long-W. G. Broadhurst Co. (C. C. A.) 239 F. 852; White v. Upper Hudson Stone Co. (C. C. A.) 248 F. 893; White v. Schoonmaker-Connors Co. (C. C. A.) 265 F. 465; Schoonmaker Conners Co. v. Lambert Transp. Co. (C. C. A.) 268 F. 102. This is the established law as to the obligation of the bailee in bailments for hire. Mr. Justice Bradley said, in the case of Clark v. United States, 95 U. S. at page 542, 24 L. Ed. 518:

"In the present case, the implied contract is such as arises upon a simple bailment for hire; and the obligations of the parties are those which are incidental to such a bailment. The special contract being void, the claimant is thrown back upon the rights which result from the implied contract. This will cast the loss of the vessel upon him. A bailee for hire is only responsible for ordinary diligence and liable for ordinary negligence in the care of the property bailed. This is not only the common law, but the general law, on the subject. See Jones, Bailm. p. 88; Story, Bailm. sects., 398, 399; Domat, Lois Civiles, lib. 1, tit. 4, sect. 3, pars. 3, 4; 1 Bell, Com., pp. 481, 483, 7th Ed."

See, also, Johnson Lighterage Co. No. 24 (C. C. A.) 248 F. 80.

██ The charterer in this case was the Raritan Copper Works, in possession of the scow from April 22 to 30, inclusive, 1917. The scow had been inspected and found in first-class condition April 21, 1917, and was then only nine or ten years old. The damage was done between April 27 and 28. The scow was at the time consigned by the Raritan Copper Works, charterer, with a cargo of copper bars to the steamship Freshfield, and Rose & Durante, the stevedores, were unloading them into the No. 2 hatch. The charterer in its pleadings and proofs attributed the damage to the negligence of the stevedores in unloading the scow, and so brought itself within the rule that makes it liable to the owner for the negligence of persons to whom it intrusted the scow for so doing.

██ On the other hand, Rose & Durante, the stevedores, deny that any damage at all was done, but I find that it was done while they were unloading the copper bars . The survey held May 2d, two days after the barge was returned to the owners, states that a stringer running fore and aft amidships, connected by four iron rods with the keelson, was broken, and to make the repairs it was necessary to remove a number of deck planks and replace them and, if broken, to renew them. The stevedores not having explained the cause of damage, a presumption of negligence arises against them.

██ The Raritan Copper Works set up as a defense that a meeting was held at the libelant's office to discuss the question of liability, at which there were present representatives of Moran, the owner, of the Raritan Copper Works, the charterer, and of Rose & Durante, the stevedores, and that Rose & Durante's representative admitted that they were liable.

The pleadings of Rose & Durante, the stevedores, admit that they had a representative present, but at the trial they were allowed to amend by substituting "denied" for "admitted" without relieving them of the proper effect of the original admission. The testimony satisfies me that they had a repre-

sentative present but that he did not agree to pay the damage. The conclusion reached at the meeting was that the libelant, the owner, should be paid for the damage, and that an effort should be made to bring the charterers and the stevedores to some agreement as to how the amount should be raised. Such an agreement never was arrived at.

The libelant may take the usual interlocutory decree against Rose & Durante primarily and against the Raritan Copper Works secondarily.