HIRSCH LUMBER CO. v. C. OTTAVIANO & CO., Inc., et al.

C. OTTAVIANO & CO., Inc., v. E. W. Mc-CLAVE & SON, Inc.

Circuit Court of Appeals, Second Circuit. April 4, 1927.

No. 251.

1. Wharves ⊂20(3)—Wharfinger held negligent in failing to warn of uneven berth bottom, causing lighter to list and capsize deck cargo at low tide.

Wharfinger, permitting lighter with deck cargo of lumber to tie alongside wharf during high tide, held liable for want of reasonable care in failing to warn master of uneven condition of bottom of berth, which caused lighter to list and capsize deck cargo at low tide.

2. Wharves ⊂20(5)—Master of lighter, settling into uneven berth bottom and capsizing deck cargo, held negligent in matter of soundings, but not otherwise.

Master of lighter, having deck cargo of lumber which capsized as lighter settled into uneven bottom of berth as tide fell, held not at fault in failing to loosen line to permit lighter to slide off uneven bottom, though he was at fault for failure to make soundings and ascertain character of bottom before trying to wharf.

Appeal from the District Court of the United States for the Southern District of New York.

Three libels, one for damages to cargo by the Hirsch Lumber Company against C. Ottaviano & Company, Inc., owner of the lighter Only Sister, in which E. W. McClave & Son, Inc., were interpleaded. The other two were by C. Ottaviano & Company, Inc., against E. W. McClave & Son, Inc., and by Clyde Steamship Company against the lighter Only Sister, with E. W. McClave & Son, Inc., interpleaded. From a decree for the Hirsch Lumber Company against C. Ottaviano & Co., Inc., in the first libel, dismissing the petition against E. W. McClave & Son, Inc., and dismissing petition in the other two libels, C. Ottaviano & Co., Inc., appeals. Decree modified.

Bigham, Englar & Jones, of New York City (Richard F. Shaw, of New York City, of counsel), for Hirsch Lumber Co.

William F. Purdy, of New York City, for C. Ottaviano & Co., Inc.

Macklin, Brown, Lenahan & Speer, of New York City (Horace L. Cheyney, of New York City, of counsel), for E. W. McClave & Son, Inc.

Before MANTON, HAND, and SWAN, Circuit Judges.

MANTON, Circuit Judge. [1] There were three libels filed below for losses arising out of the happening to which we will refer herein. These suits were tried together and resulted in a decree for the Hirsch Lumber Company against C. Ottaviano & Co., Inc., for damage to a cargo of lumber. C. Ottaviano & Co., Inc., alone appeals.

The Hirsch Lumber Company shipped a cargo of lumber on the deck of the lighter Only Sister, consigned to E. W. McClave & Son, Inc., at its wharf on the Passaic river, Patterson, N. J. Arriving at the wharf at 3 a. m. on September 29, 1922, the lighter was made fast to a lighter which was lying alongside the wharf. When this lighter finished unloading in the afternoon, the Only Sister was then placed alongside the wharf in the berth occupied by it. During the night of that day, the Only Sister took a list off shore and dumped part of her cargo into the river. Thereupon this suit was brought against C. Ottaviano & Co., Inc., who in turn interpleaded E. W. McClave & Son, Inc., as wharfinger. The basis for the action was that the berth alongside the wharf was unsafe and that the wharfinger failed to warn the master of the lighter of its unsafe bottom. It was a soft bottom but irregular. The rise and fall of the tide was about six feet. The lighter drew eight feet loaded. The depth of the water at the dock ranged from five to six and a half feet and the vessel would ground at midship at about half tide. At low tide her inshore side would be raised out of the water by grounding at least three feet and her outboard side would be correspondingly immersed. This resulted in a dangerous list to a vessel carrying a cargo piled on deck ten to twelve feet high. With the lowering of the tide during the night, the lighter struck this uneven bottom, and its cargo capsized.

[2] Liability was imposed upon the lighter below for the reason that the lines were not loosened to accommodate the falling tide, by which action it was thought the boat would slide off the uneven bottom and avoid capsizing the cargo. This is very problematical. We think liability should be imposed upon the wharfinger E. W. McClave & Son, Inc., because it provided this berth and invited the lighter there when reasonable care and caution dictated otherwise, and it should have warned the captain of the lighter of the dangerous bottom because of the likelihood of capsizing the cargo piled to the height this lumber was piled. A wharfinger is responsible for supplying a berth with so uneven a bottom where a boat would be expected to ground at low tide. Daly v. N. Y. Dock Co. (C. C. A.) 254 F. 691; The Thom-

as Quigley (C. C. A.) 130 F. 336; The Dave & Mose (D. C.) 49 F. 389, affirmed Fahy v. City of New York (C. C. A.) 61 F. 336. The master of the lighter was also at fault for failure to make soundings and ascertain the character of the bottom before tying up to the wharf. We do not think C. Ottaviano & Co., Inc., can be held responsible for the failure of the master to loosen the lines. If that had been done, we are satisfied that it would not have avoided the capsizing. The producing cause was the great irregularity of the bottom where the lighter was berthed.

The decree below is modified, and both respondents will be held for half damages, with costs.