THE ETTA. THE JURY. LEE & SIMMONS, Inc., v. ERIE R. CO.

District Court, E. D. New York. February 11, 1930.

No. 10150.

·Frederick W. Park, of New York City, for libelant.

Park, Mattison & Lynch, of New York City (Anthony V. Lynch, Jr., of New York City, of counsel), for respondent.

GALSTON, District Judge. On September 28, 1926, the New York Marine Company, acting as agents for the Erie Railroad Company, chartered from the libelant the scows Etta and Jury at $15 a day each, wages of the captains to be paid by the owner under the usual oral harbor charter, captains to be paid by the charterer only for overtime.

On October 15, 1926, the Etta was towed to Pier B at Weehawken, one of the piers used by the Erie Railroad Company. Double lines from each bit made the barge fast to a boat lying between her and the pier. There were several such boats, all of the Erie Railroad Company. The Jury was ahead of the Etta in the slip and was also made fast to the boat alongside her, having double lines both forward and aft. After seeing that his lines were secure, the captain left at 6 p. m. On his return to Pier B the next morning neither boat was there.

The boats were found in the North River somewhere in the vicinity of Fifteenth street, Hoboken. The scows were picked up by an outside tug. The Etta was in a damaged condition, and salvage claims made against the owners of the barges.

Respondent contends that there has been failure of proof of negligence, and cites Hildebrandt v. Flower Lighterage Co. (D. C.) 277 F. 436; Dailey v. Carroll (C. C. A.) 248 F. 466; The Raymond M. White (D. C.) 290 F. 454; C. F. Harms v. Turner Construction Co. (C. C. A.) 3 F.(2d) 591.

In effect these cases hold that a charter such as was made herein, even though the owner sent with the barge a master, captain, or laborer in the owner's pay, constituted a demise and made the charterer a bailee; and that the burden of proof in case of the return of an injured demised boat is on the owner to establish negligence.

With this law there can be only agreement. But it does not relieve the respondent herein because prima facie proof of negligence is made out by the libelant on a showing that his boat or boats were returned in a damaged condition or subject to a lien for salvage. The burden then goes forward, requiring the respondent at least to explain the

cause of the damage. The Drifter (D. C.) 35 F.(2d) 1006, and cases therein cited. The respondent herein has failed to do so. It offers no explanation whatsoever of how the damage occurred.

In the circumstances the libelant is entitled to a decree.