## TOMKINS COVE STONE CO. v. BLEAKLEY TRANSP. CO., Inc., et al.

### No. 4081.

Circuit Court of Appeals, Third Circuit.

April 24, 1930.

McDermott, Enright & Carpenter, of Jersey City, N. J., and Macklin, Brown, Lenahan & Speer, of New York City, Horace L. Cheyney and J. Dudley Eggleston, both of New York City, for appellant.

Wm. F. Purdy and Robert Strange, both of New York City, for appellees.

Before WOOLLEY and DAVIS, Circuit Judges, and JOHNSON, District Judge. .

WOOLLEY, Circuit Judge.

This is a controversy in admiralty between the owner, charterer, and wharfinger of a scow in respect to injuries which no one knows—or will tell—when, where or how she sustained them.

Bleakley Transportation Company, owner of the deck scow Bleakley No. 18, chartered her to the Tomkins Cove Stone Company under an oral charter of a kind familiar in New York Harbor, which the federal courts of the Second Circuit have regarded as a demise, though in charge of a caretaker—called captain by courtesy—furnished and paid by the owner, The Willie (C. C. A.) 231 F. 865, 867; Dailey v. Carroll (C. C. A.) 248 F. 466, 467; Monk v. Cornell Steamboat Co. (C. C. A.) 198 F. 472, 475; O'Brien Bros. v. New York (C. C. A.) 9 F.(2d) 542, and have held to contain an implied undertaking on the part of the charterer to return the boat to the owner at the end of the term in as good condition as when received, less ordinary wear and tear. Schoonmaker, Conners Co. v. Lambert Transportation Co. (C. C. A.) 268 F. 102. After loading the scow up the river with crushed stone the charterer took her to Jersey City and placed her in a berth of the cargo consignee, Van Keuren & Son, Inc., the wharfinger. She was then in good condition, so far as could be judged from her outer structure, and also in good condition on the next day when the consignee began to unload and after a part of the cargo had been discharged. On the third day, before discharging was resumed, the captain went below and discovered injuries to her inner structure. Later, the owner filed this libel against the charterer on its implied warranty of return in good condition. The charterer by its answer denied fault or negligence on its part and asserted that the injuries were due to fault or negligence of the owner's servant—the "captain"—in charge of the scow, or to fault or negligence of Van Keuren & Son, Inc., the wharfinger (which it impleaded as a party to the action) in furnishing the craft with an unsafe berth and in discharging her in an improper and negligent manner. The court entered an interlocutory decree dismissing the petition impleading the wharfinger, and holding the charterer responsible for the injuries and liable for damages. On the charterer's appeal all parties appeared and tried the case de novo. The John Twohy, 255 U. S. 77, 41 S. Ct. 251, 65 L. Ed. 511.

The oral charter of a scow thus manned being treated as a demise, the charterer is not an insurer, Simmons Transportation Company v. Wright & Cobb Lighterage Co. (D. C.) 290 F. 454, but is subject to the law of bailments for hire. Mulvaney v. King Paint Mfg. Co. (C. C. A.) 256 F. 612. As a bailee, he is charged with the duty of ordinary care and is liable for negligence resulting from a breach of that duty and for nothing more. The Eureka No. 70 (C. C. A.) 15 F.(2d) 366, 1926 A. M. C. 1668; Simmons Transportation Co. v. Wright & Cobb Lighterage Co. (D. C.) 290 F. 454; Hildebrandt v. Flower Lighterage Co. (D. C.) 277 F. 436; Moran Towing & Transportation Co. v. Raritan Copper Works, 41 F.(2d) 255, 1924 A. M. C. 696; C. F. Harms Co. v. Upper Hudson Stone Co. (C. C. A.) 234 F. 859; C. F. Harms Co. v. Turner Const. Co. (D. C.) 290 F. 612; The Junior (C. C. A.) 279 F. 407, 408. Therefore this action is for damages based on the charterer's negligence.

■■ There is no dispute about the law thus far. The trouble arises in respect to the proof of the charterer's negligence, that is, on whom, in a suit on a charter of this kind, rests the burden of proof and what is the measure of proof.

The burden of proving negligence is upon the owner—the one asserting it. But he is not required in his opening as in other negligence cases to prove the specific acts which establish the charterer's negligence. It will be enough, in the beginning at least, that he make out a prima facie case of negligence. "He makes out a prima facie case, if he can go no further than to show that the boat was damaged during the charter period and then the burden of explanation, or, as it is sometimes said, of carrying on, lies upon the charterer. In the absence of exculpatory evidence a presumption of negligence arises against him. Wintringham v. Hayes, 144 N. Y. 1 [38 N. E. 999, 43 Am. St. Rep. 725]; Terry & Tench Co. v. Merritt & Chapman Derrick & Wrecking Co. [C. C. A.] 168 F. 533; Hastorf v. Long Co. [C. C. A.] 239 F. 852; White v. Upper Hudson Co. [C. C. A.] 248 F. 893; White v. Schoonmaker Co. [C. C. A.] 265 F. 465; Schoonmaker, Conners Co. v. Lambert Transp. Co. [C. C. A.] 268 F. 102." Moran Towing & Transp. Co. v. Raritan Copper Works, 41 F.(2d) 255, 1924 A. M. C. 696. We find from the trend of decisions that the presumption of the charterer's negligence does not wait upon "the absence of exculpatory evidence" to arise but arises in the beginning from the fact that a boat, seaworthy when delivered, was injured while in possession of the charterer and cannot be returned in good condition. That fact, without more, "establishes a prima facie case of fault, and places on the (charterer) the duty of rebutting the prima facie case—that is, to explain the situation," C. F. Harms Co. v. Turner Construction Co. (D. C.) 290 F. 612, 613; Hildebrandt v. Flower Lighterage Co. (D. C.) 277 F. 436, and show that there was no fault or negligence at all or, if any, it was that of another, for instance, and, as claimed here, it was that of the owner's scow captain and therefore imputable to the owner, The Junior (C. C. A.) 279 F. 407, or that of the wharfinger. If the charterer's evidence in explanation of the injuries is sufficient to overcome the presumption of his negligence arising out of a charter of this character by proving specifically how the injuries occurred or generally his handling of the boat, he will be relieved of his implied undertaking to return the boat in good condition, unless the owner, on whom will then rest the burden of proving the charterer's negligence otherwise than by the presumption, produces evidence that outweighs the rebuttal evidence. C. F. Harms Co. v. Turner Const. Co. (D. C.) 290 F. 612, 614; Hildebrandt v. Flower Lighterage Co. (D. C.) 277 F. 436; Mulvaney v. King Paint Mfg. Co. (C. C. A.) 256 F. 612, 615; Schoonmaker, Conners Co. v. Lambert Transp. Co. (C. C. A.) 268 F. 102; O'Brien Bros. v. New York (C. C. A.) 9 F.(2d) 542; Terry & Tench Co. v. Merritt & Chapman D. & W. Co. (C. C. A.) 168 F. 533. If, however, the evidence which the charterer offers to rebut the presumption should not in the opinion of the trial court excuse him, the presumption of negligence which the law raised against him in the beginning remains as though he had not made an attempt to rebut it, just as though he stood mute facing the presumption.

■ Coming to the trial, it is certain from the evidence that the injuries to the scow were occasioned by the negligence of someone. The owner made out a prima facie case of negligence against the charterer under the presumption and there rested. The charterer, in turn, charged negligence to the owner's scow captain in mooring the scow in a berth with a slanting bottom, known to him after making soundings. The Raymond M. White (D. C.) 290 F. 454, 457. If it had proved that such a berth was unsafe, that would have been enough. But we find, as evidently did the trial judge, that while the bottom did slant from the piling at an angle of from five to twelve feet at low tide, it was not unsafe because from such a bottom all along that side of the river a craft held by slack lines, as this scow was held, will float safely by tide movement into deep water.

The charterer next charged negligence to the impleaded wharfinger in assigning the scow to an unsafe berth. Hirsch Lumber Company v. C. Ottaviano & Co. (C. C. A.) 18 F.(2d) 952; Smith v. Burnett, 173 U. S. 430, 19 S. Ct. 442, 43 L. Ed. 756. That would exculpate the charterer primarily and fix liability first upon the wharfinger had it been proved, but in this we hold the evidence failed.

■ Finally the charterer charged the wharfinger with negligence which resulted in the injuries to the scow in discharging her in an improper manner. Foote v. Storrs, 2 Barb. (N. Y.) 328; Blin v. Mayo, 10 Vt. 56, 33 Am. Dec. 175. This raised a straight-out issue of fact between the charterer and wharfinger,

supported on one side by the testimony of the scow captain and on the other by the testimony of the hoisting engineer of the wharfinger engaged in discharging the scow. These opposing witnesses agree that from external appearance the scow was seemingly in good condition when she arrived at the dock and until on the third day the captain discovered her internal injuries, though neither man testified that before that time he had gone below or had been in a position to see her condition, thus leaving open the question when and how she sustained the injuries thus discovered, unless they were occasioned by the manner of her discharge, on which point there is a sharp conflict in the testimony of these witnesses, making a corresponding sharp difference in the inferences to be drawn from their wholly opposite accounts of the discharging operation. Aside from the probabilities of the situation, the learned trial judge was, in view of their conflicting stories, required to believe one witness and disbelieve the other. Accordingly, he rejected the testimony of the scow captain given for the charterer and accepted the testimony of the hoisting engineer for the wharfinger, basing his action, not on a finding that either witness was untruthful, but expressly on his observation of the witnesses and his appraisal of their intelligence and their power accurately to observe what had happened and correctly to testify in respect to it.

Trying the case de novo from the printed record, our inclination is that the learned trial judge was right in holding the wharfinger free from negligence, but any lingering uncertainty in that regard must be resolved in favor of the fact finding of the trial judge (who saw and heard the witnesses) which will not be disturbed by an appellate court unless shown by the evidence to be clearly wrong. American Merchant Marine Ins. Co. v. Liberty S. & G. Co. (C. C. A.) 282 F. 514; Lewis v. Jones (C. C. A.) 27 F.(2d) 72; Swenson v. Snare & Triest Co. (C. C. A.) 160 F. 459.

As both the trial court and this court have put out of the case all the evidence introduced by the charterer to disprove its negligence, the only proof remaining is the evidentiary presumption of the charterer's negligence which, not being rebutted, continues to the end of the case just as it stood at the beginning. On that presumption, now standing alone, the decree awarding the owner the right to recover from the charterer must be affirmed.