## THE VIRRUTH.

### CHASE v. MORRELL et al.

District Court, S. D. New York.
June 22, 1938.

Warburton & Sevin, of New York City (George B. Warburton, of New York City, of counsel), for libelant.

Macklin, Brown, Lenahan & Speer, of New York City (Richard F. Lenahan, of New York City, of counsel), for respondents.

COXE, District Judge.

This is a suit in admiralty to recover for damage to the libellant's yawl "Virruth" while under charter to the respondents. The yawl was chartered to the respondents under a written charter party which provided that the respondents would "take full responsibility for any damage resulting while the boat is in their care from July 19 to July 26, 1937".

The respondents took delivery of the vessel on July 19, 1937, at Larchmont, N. Y.; from there they went to Clinton Beach, Conn., where the vessel was at anchor for four days. They then proceeded back, and on the morning of July 26, 1937, were anchored at the mouth of the Housatonic River. From there they started for Larchmont, and at about noon on that day, while they were proceeding along the Sound, the port shrouds parted, and the main mast toppled over into the water. The weather at the time was clear, with moderate southwesterly winds, and some ground swell. The vessel was picked up between 3:30 and 4 P. M. by an oyster boat navigating in the vicinity and towed to the Waage Shipyard at Norwalk, Conn., where it was left for repairs.

The libellant was advised of the accident on July 27, 1937, but the repairs were held up as a result of a controversy between the parties, which developed almost immediately. In the meantime, the respondents had obtained possession of the upper portions of the broken shrouds, and these were produced at the trial; they show unmistakably a considerable amount of corrosion in the strands of the cables at the places where the breaks occurred.

The charter party merely obligated the respondents to return the vessel in good order and condition, less ordinary wear and tear; it thus made the respondents liable only for negligence. Mulvaney v. King Paint Mfg. Co., 2 Cir., 256 F. 612; Hildebrandt v. Flower, D.C., 277 F. 436, affirmed 2 Cir., 277 F. 438; Wandell v. New Haven Trap Rock Co., 2 Cir., 285 F. 339; The Raymond M. White, D.C., 290 F. 454, affirmed 2 Cir., 296 F. 1023. There is noth-

ing, however, in the language used to relieve the libellant of his obligation to furnish a seaworthy vessel. Patton-Tully Transp. Co. v. Barrett, 6 Cir., 37 F.2d 516.

 The respondents have testified that the port shrouds parted in a moderate southwesterly breeze of not more than ten miles an hour. This was corroborated by Smith of the oyster boat, who said that it was a moderate day all through until late in the afternoon. There is no evidence of any abnormal seas or of any undue strain on the port shrouds. Neither is there anything to support the contention that the vessel was improperly handled. The only reasonable explanation of the accident is that the port shrouds parted because they were defective. This is borne out by the appearance of the broken ends at the trial. They showed considerable deterioration due to corrosion, which, I think, fully accounts for the breaking of the shrouds. I accordingly hold that the libellant failed in his obligation to furnish a seaworthy vessel.

There may be a decree for the respondents dismissing the libel with costs.