■ COMPLETE MACHINERY & EQUIPMENT CO., INC., Respondent, v. BENJAMIN GELMAN, Doing Business as GELCO BUILDERS, Appellant.

*Per Curiam.* Defendant had a contract with the Department of Public Works for the dehydration of a certain area in Queens County. Defendant leased machinery for the performance of this contract from plaintiff. The leasing was by a written contract and it is this contract that is the basis of the suit.

The first cause of action is for a balance due on the rental price. The balance is made up of two items: $59 which remained unpaid on the stipulated rental, and $800 claimed to be due as additional rental under a clause of the contract. The first item is conceded. The validity of the second claim depends on the correct interpretation of the contract clause. The clause reads:

"We [plaintiff] hereby guarantee an upset price of $26,000.00 to cover the cost of rental, installation, removal and operation of a Complete Wellpoint System for a period of twelve weeks.

" [Defendant] will pay the rental, trucking and sales tax of the Wellpoint System, a total of $6,141.22, to [plaintiff], and also carry the payroll for installation, removal and operation for a twelve week period of this Wallpoint System.

" It is further understood, that should the upset price of $26,000.00 be reduced, and that after allowing for the $6,141.22, rental, etc. and furnishing of the supervision of installation, operation and removal due to [plaintiff], the difference between the balance of the upset price, $19,858.78, for said installation, removal and operation for a twelve week period, and the final cost, will be split fifty-fifty between [plaintiff and defendant]."

It appears that plaintiff had considerable experience in this type of work while defendant had none and this was its first venture in the field. Defendant made available to plaintiff the borings supplied to it by the city, and on the basis of these the 12-week estimate for completion of the contract was arrived at. Plaintiff advised the defendant in connection with the bid and assisted it in the installation of the machinery. Defendant was not entirely reassured by plaintiff's advice in this connection and insisted on a period of free rental should the work take more than 12 weeks. Plaintiff offered the use of the machinery free thereafter for two weeks. Defendant rejected the offer. Plaintiff then offered eight weeks, which was again rejected. Plaintiff finally consented to allow the machinery to stay on the job rent free after the 12 weeks until the job was completed. The pertinent language of the contract reads: " Should the wellpoint equipment be required after the twelve week pump period, it will be left on the job at a no charge basis and that [defendant] will carry and be responsible for the pump operation payroll." From this it is patent that a 12-week period was estimated for performance. And the record is clear that had the borings truly represented the subsurface conditions, this estimate would have been ample. However, this did not prove to be the case, and the contract took far longer — actually the machinery was on the job for some 40 weeks.

The upset price of $26,000 is clearly the figure estimated for the cost of the items covered for performance of the entire job. In the event it was less, the parties were to share the saving equally. Actually, the cost was far more, and there was no saving to share. It is true that the literal wording refers to a saving in the 12-week period, but this departure from the evident intent is easily explained. Regardless of how early the work on the contract might have been completed, defendant was obligated to pay rental for a 12-week period. And this rental was to be deducted from the upset price. In this connection, therefore, the 12 weeks is synonymous with the period of operations, and on that basis there is no sum due.

Plaintiff's second cause of action is for additional rental, and this likewise consists of two items. The first, for $3,175.16, is for rental of additional pieces of machinery beyond those specified in the contract. This item is not disputed. The second item is for rent of the machinery covered by the contract for the period in excess of 12 weeks that the machinery was on the job. A two-week credit on this period was allowed. Trial Term allowed this item on the theory that the wording of the contract could not mean that the machinery was to be used rent free for an indefinite period and that the clause providing for free rental therefore meant for a reasonable period only. But the testimony taken to determine the true meaning proved precisely the opposite. It shows that the plaintiff, on the basis of its superior knowledge and experience in the field, assumed the risk of a longer operation, and contracted accordingly. The words " Should the wellpoint equipment be required after the twelve week pump period, it will be left on the job at a no charge basis " express the literal and advised intent of the parties. Hence there can be no recovery for rental beyond this period.

The third cause of action, for $2,875.20, is for damage done to the machinery while on the job. Plaintiff established that there was damage in excess of reasonable wear and tear when the machinery was returned, and the amount of the damage. Defendant contends that there was no proof that such damage was the result of its negligence. Trial Term rightfully rejected defendant's contentions. A bailor of property makes out a prima facie case upon proof that the property was returned in a damaged condition beyond the usual wear and tear envisaged by the bailment. It is then the bailee's obligation to show that the damage arose from causes for which, for one reason or another, he is not

responsible (*Wintringham* v. *Hayes*, 144 N. Y. 1; *Aronette Mfg. Co.* v. *Capitol Piece Dye Works*, 6 N Y 2d 465).

Other claims and the counterclaims are not the subject of appeal. The judgment should be modified on the law and the facts by reducing the same to $6,109.36, with appropriate interest, and, as so modified, affirmed, with costs to appellant.

Botein, P. J., McNally, Stevens, Steuer and Witmer, JJ., concur.

Judgment unanimously modified on the law and the facts by reducing the same to $6,109.36, with appropriate interest, and, as so modified, affirmed, with costs to appellant. Settle order on notice.