SWENSON v. SNARE & TRIEST CO.

(Circuit Court of Appeals, Second Circuit. March 10, 1908.)

No. 193.

1. SHIPPING—CHARTERS—LOSS OF VESSEL—NEGLIGENCE— BURDEN OF PROOF.

Where a pile driver was chartered by respondent from libelant, and was lost while in respondent's exclusive possession as it was being towed up the North river, the burden was on respondent as a bailee to show that the loss was caused without any negligence on its part.

2. APPEAL AND ERROR—FINDINGS—REVIEW.

Where, on appeal from a decree in favor of libelant in a proceeding to recover for the loss of a pile driver from the charterer, the trial judge found that the charterer had failed to show that it was free from negligence, and the appellate court is unable under the evidence to hold that the charterer has sustained the burden of proof on such issue, the decree will be affirmed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 3955–3969.]

Appeal from the District Court of the United States for the Southern District of New York.

For opinion below, see 145 Fed. 727.

H. M. Hitchings, for appellant.

Hyland & Zabriskie (Nelson Zabriskie, of counsel), for appellee.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

PER CURIAM. This was a libel in personam to recover damages for the loss of a pile driver which occurred in the East river in July, 1905. It is admitted that the pile driver was chartered by the respondent from the libelant and that while in the exclusive possession of the respondent it sank and was lost. As such an occurrence is not in the ordinary course of things, the burden was thrown on the respondent as a bailee to show how the loss took place and that it was not caused by its negligence.

The respondent has sought to sustain this burden by presenting testimony that, while the pile driver was being towed by the respondent's tug from Flushing to pier 15 at about midnight of said day, she appeared to list near the Brooklyn Bridge, and, being top-heavy, almost immediately capsized and sank; that this occurred while the pile driver was being towed with due care, and before any attempt had been made to turn into the pier of destination. The respondent's contention is that the cause of the accident was the unseaworthiness of the pile driver, and it has offered evidence tending to show that it was in fact old and unseaworthy. The libelant, on the other hand, has offered testimony tending to show that the pile driver was seaworthy, and he contends that the cause of the capsizing was negligent towage; that the tug turned in towards pier 15 and brought the driver around too sharply for that kind of a vessel. The libelant has called one witness, who testified that on the occasion in question he saw a tug with a pile driver in tow turning toward the New York shore, and that the pile driver listed and finally capsized. He has also presented

other testimony supporting his contention in a less degree. He further calls attention to the circumstance that the driver sank at just about the place where the tug should have turned into pier 15.

All the questions presented are pure questions of fact. If the testimony of the respondent's witness is credited, there was no negligence on its part. If what they said was true, the driver undoubtedly filled and capsized because it was unseaworthy. But if what they said was not true—if the testimony of libelant's witnesses is to be credited—then the respondent has failed to show that they were free from negligence. The District Judge heard the witnesses. He had an opportunity to note their appearance and behavior upon the stand. He has found that the evidence showed negligence upon the part of the respondent. We need not go so far. It is sufficient for us to say that we have carefully examined the whole record, and in view of the findings of the' trial court are unable to hold that the respondent has sustained the burden of proof imposed upon it by law.

The decree of the District Court is affirmed, with interest and costs.