### DONOVAN et al. v. NEW YORK TRAP ROCK CO.

(Circuit Court of Appeals, Second Circuit. February 16, 1921.)

#### No. 163.

Admiralty ⬤⟞118—Findings on oral testimony binding on review of cause of injury to scow.

A finding by a trial court, on oral testimony of witnesses in open court, that injury to libelant's scow, chartered with its master to respondent, was due to the negligence of the master in failing to breast the scow out from a wharf where it lay, which allowed it to settle on an uneven bottom, will not be disturbed by an appellate court.

⬤⟞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the Southern District of New York.

Suit in admiralty by Timothy Donovan and John Doolan against the New York Trap Rock Company. Decree for respondent, and libelants appeal. Affirmed.

Foley & Martin, of New York City (James A. Martin and George V. A. McCloskey, both of New York City, of counsel), for appellants.

Frederick W. Park, of New York City, for appellee.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

HOUGH, Circuit Judge. Libelants own a scow, which (with their own master aboard) they chartered to respondent for so much per day for boat and men. Agreement was to return the boat at end of chartered period in good order, reasonable wear and tear excepted; it was returned with an injured bottom.

Charterers sent the scow to a wharf on the Hackensack river, where, in order to lie safely at low tide, such boats as libelants' had to breast off from the wharf with shores; if they did not, the sharply sloping and uneven bottom near the wharf side would inflict injury. Such injury this boat received.

At trial the case became (as was proper under Dailey v. Carroll, 248 Fed. 466, 160 C. C. A. 476) an inquiry whether the libelants' scow master displayed the reasonable care and skill of his calling in fixing and maintaining these shores. After hearing in open court much contradictory and irreconcilable evidence from eight witnesses, the District Judge held this employee of libelants negligent, and such negligence the proximate cause of disaster.

No litigation has been presented of late more plainly requiring application of the rule laid down from The Albany, 81 Fed. at page 968, 27 C. C. A. 28, to The Bern (C. C. A.) 261 Fed. 995, to the effect that, where a narrow issue of fact was presented by the oral testimony of men whose mien and bearing justly had weight with the judge who saw them, we will not disturb the result, even though the printed page alone might lead us to a different conclusion.

Decree affirmed, with costs.