AMPERE BARGE COMPANY, Appellant, *v.* NEW YORK CENTRAL RAILROAD COMPANY, Respondent.

Supreme Court, Appellate Term, First Department, June 8, 1926.

**Ships and shipping — damage to barge in defendant's possession under oral charter — plaintiff made out prima facie case by showing sound condition of barge on delivery and its damaged condition on return — error to dismiss complaint where defendant failed to meet burden of proof.**

In an action to recover damages to plaintiff's barge while in defendant's possession under an oral charter, it was error to dismiss plaintiff's complaint at the close of the trial, since the plaintiff by showing the sound condition of the barge upon delivery, its damaged condition upon its return, and the fact that the damage did not arise from ordinary wear and tear, made out a *prima facie* case which the defendant failed to meet.

The fact that defendant established that at the time specified in plaintiff's report of damage it performed its duty without any accident, and further showed that when it took the barge in tow it found the stern stove in, and that it made this observation nearly two months after it had taken charge under the charter, does not explain how the damage occurred or the manner in which the defendant met its obligations under the contract. Defendant's testimony seems to be confined to a showing of proper care after it discovered the damage to the stern of the boat.

APPEAL by plaintiff from a judgment of the Municipal Court of the City of New York, Borough of Manhattan, First District, after trial before the court and a jury, dismissing the plaintiff's complaint upon the conclusion of the trial.

*William F. Purdy*, for the appellant.

*Bigham, Englar & Jones* [*Andrew J. McElhinney* of counsel], for the respondent.

LEVY, J. This action was brought to recover damages sustained by the plaintiff's barge while in possession of defendant under an oral charter. When the barge was delivered to the latter on January 22, 1925, it was in good condition; when it was returned on March twentieth next its stern bumper log and stern rail were broken

and two rake timbers split.    At the close of the case the court dismissed the complaint.

The plaintiff in its bill of particulars disclaimed any knowledge of the time, place and circumstances under which the barge was damaged, the respect in which the defendant was negligent, and the name of the tug belonging to the defendant which damaged the barge.    But on March 20, 1925, and prior to the commencement of the action, it sent a letter to the defendant stating that on March seventeenth while the latter's tug No. 12 was shifting the barge, she was damaged.    On being informed by the defendant that tug No. 12 was not in the vicinity of the alleged accident, plaintiff replied that it was one of defendant's tugs with a number 2 — it might have been 12 or any one of the tugs of the series 20 to 29. At the trial defendant proved that tug No. 16 shifted the barge at the time complained of and that when it took the vessel in tow, the captain noticed that a corner of it had been knocked off; that his tug did not cause the damage but " the damage was there when I took the boat in charge."    The trial court held that since plaintiff in its letters claimed the damage to have occurred on March seventeenth at three-thirty, due to negligent shifting, and since defendant had proved a careful performance of its duty at that time, it had successfully rebutted any presumption of negligence, further holding that the burden was then upon the plaintiff to go forward with testimony to prove negligence, which obviously it was unable to do.

We do not think that the report by the plaintiff that the damage occurred on March seventeenth is such a binding admission upon it as to limit the defendant's duty to explain the proper discharge of its undertaking to the particular time complained of in the correspondence.    The bill of particulars seemingly does not so limit the period within which the damage may have occurred.    In the very nature of the case the defendant was in full charge of the barge for approximately two months, with full facilities for guarding over its safety.    The report of the plaintiff cannot, therefore, be deemed more than a mere expression of opinion, and not such an admission of fact by which it is conclusively bound at the trial.

When the plaintiff proved the sound condition of the barge upon delivery, its damaged state upon the return, and the fact that the injuries were not the result of ordinary wear and tear, it made out a *prima facie* case.    (*Wintringham* v. *Hayes*, 144 N. Y. 1.)    The burden of proof then shifted to the defendant, which had the barge exclusively within its control, to show the manner in which it discharged its contract obligations in the premises.    (*Collins* v. *Bennett*,

46 N. Y. 490.) How did it meet this burden? It established the fact that at the time specified in plaintiff's report of damage, it performed its duty without any mishap. But it further showed that when it took the barge in tow, at such time it saw that the stern was caved in and it made this observation nearly two months after it had taken charge under the charter. While defendant's duty to overcome the presumption of negligence may be said to be limited, as it properly urges, to an explanation that it was not negligent when the barge was damaged, it has utterly failed to explain just how the damage occurred. Its testimony seems to be confined to a showing of proper care *after* it discovered the damage to the stern of the boat. How, therefore, can it be said to have met its duty of explaining the accident so as to shift back the burden upon the plaintiff to prove actual negligence?

In *Terry & Tench Co.* v. *Merritt, etc., Wrecking Co.* (168 Fed. 533) the Circuit Court of Appeals said: " The vessel having been injured while in the exclusive possession of the respondent, as bailee, the burden is upon it to show: (1) How the injury occurred. (2) That it was free from negligence." On the other hand, in holding the libelee free from negligence, in *Hildebrandt* v. *Flower Lighterage Co.* (277 Fed. 436, 437) the District Court said: " It is held that in a bailment of this kind the fact that the accident happens, that the damage is done while the boat is in the bailee's possession, that the bailee is not able to return it in good condition subject to ordinary wear and tear, establishes a *prima facie* case of fault. In other words, it is up to the bailee to rebut the *prima facie* case; that is, to explain the situation. I cannot agree with counsel that the *prima facie* case can be met only by showing how the accident happened. In my judgment, the true principle of law is that the burden of proof is on the libelant to establish negligence; that that burden is *prima facie* met in the case of a demise by showing a failure to return in good condition, subject to ordinary wear and tear. That puts upon the defendant the burden of going forward with evidence to show a lack of negligence on its part. But, when all the evidence is in, the court must weigh the situation and say: Was the respondent guilty of negligence or not? " There it may be said to have been held that a strict explanation of an accident is not a necessary element of proof devolving upon one occupying the position of the defendant here. In some cases, such as the sinking of barges resulting from a possible overloading, a showing of that kind may be very difficult because of the inherent and latent structural weakness of the given vessel as a possible contributing cause. Still, some explanation of the antecedent circumstances of the damage, as distinguished from an analysis of

the cause, together with proof that the defendant discharged its duty properly, would seem to be incumbent upon it. In any event, the Circuit Court of Appeals in a very recent case has completely disposed of this precise question. In *O'Brien Bros.* v. *City of New York* (9 F. [2d] 542, 543), speaking through Judge MANTON, it took occasion to say: " We held in *Terry & Tench Co.* v. *Merritt Wrecking Co.*, 168 F. 533, 93 C. C. A. 613, that, where a vessel was injured while in the exclusive possession of a respondent as bailee, such bailee must show how the injury occurred and to establish that it was free from negligence, and the charterer's negligence is presumed in the absence of explanation."

The record appears to establish that the barge was in good condition when delivered, in damaged condition when returned; and no explanation whatever is vouchsafed, even in the limited sense indicated here, of the occurrence of the damage or the manner in which the defendant met its contract obligations, and it was, therefore, error to dismiss the complaint.

Judgment reversed and a new trial ordered, with thirty dollars costs to the appellant to abide the event.

All concur; present, DELEHANTY, LYDON and LEVY, JJ.