## COWLES TOWING CO., Inc., v. AMERICAN CONSTRUCTION & DREDGING CO.

District Court, W. D. New York. July 19, 1928.

1. **Shipping ☞54(1)—Lessee under bare-boat charter is bailee for hire, with obligation to return boat in condition received, necessary wear and tear excepted.**

Where contract for charter of lighter was a bare-boat charter, lessee of lighter was a bailee for hire, with obligation to return boat in condition received, necessary wear and tear excepted.

2. **Shipping ☞39(1)—Covenant to insure is not implied under bare-boat charter.**

Under a bare-boat charter, covenant to insure is not implied.

3. **Shipping ☞58(2¾)—Owner, suing lessee for return of chartered boat, prima facie met burden of establishing lessee's negligence by showing failure to return boat.**

In libel by owner for recovery of lighter chartered to respondent, burden of proof to establish negligence of respondent was prima facie met by showing failure to return boat.

4. **Shipping ☞58(2¾)—Lessee of lighter which sank held at fault for failure to examine and repair lighter after collision while in lessee's possession.**

In libel by owner of lighter against lessee, to whom boat had been chartered, for return of boat which sank, evidence *held* to show that lessee was at fault for failing to inspect boat for structural damage, and repair it, after collision with canal barge while in possession of lessee.

5. **Shipping ☞58(2¾)—Evidence, in action by owner of lighter against lessee for recovery of boat, which sank while in lessee's possession, held not to warrant finding that lighter was structurally defective and unseaworthy.**

In action by owner of lighter against lessee for recovery of lighter, which sank while in possession of lessee, finding that lighter was badly constructed, old, rotten, and unseaworthy *held* not warranted, in view of evidence that lighter had been going about her regular business for several months, both in service of lessee and others.

In Admiralty. Libel by the Cowles Towing Company, Inc., as owner of the lighter James D. Harrigan, Jr., against the American Construction & Dredging Company. Decree for libelant.

Stanley & Gidley, of Buffalo, N. Y., for libelant.

Sanders, Dudley & Connelly, of Buffalo, N. Y., and Day & Day, of Cleveland, Ohio, for respondent.

ADLER, District Judge. The lighter James D. Harrigan, Jr., was chartered to the respondent by the libelant on a bare-boat

basis at a rate agreed upon. The charter was an oral one, and there is some conflict in the testimony of the president of the libelant and the superintendent of the respondent as to the exact language used at the time the agreement was made. The libelant testified that he told respondent's superintendent that the price would be $15 a day, bare boat, under the same conditions he had previously chartered the derrick Dough Boy and other boats, to be returned in the same condition they got her, and to take her where she was. The superintendent of the respondent testified that nothing was said in the conversation about returning the boat in the same condition that it was received. On cross-examination he said that it was customary to return a boat in like good order and condition, necessary wear and tear excepted, and that on bare-boat basis that was the usual type of charter.

The respondent took the boat, which was a lighter, and used it for conveying gravel and cement from certain docks in Buffalo to the dock of the Wickwire-Spencer Steel Company. A concrete mixer was placed on the scow, and the concrete was mixed on board at the dock. The boat was then returned to Buffalo for more materials, and the same performance was repeated. On November 8, 1926, about 21 days after the renting, while the Harrigan was at the dock, it was struck by a canal barge, which was being towed past. There is some dispute as to the amount of the damage to the Harrigan. Respondent's employees testified on the trial that a corner iron was torn off. They said they saw no hole in the scow. Two letters were introduced in evidence, written by respondent, in which it is stated that as a result of the collision a corner iron was torn off from the Harrigan, leaving a large opening.

Respondent continued to use the scow until November 27, 1926, on which date it was loaded with gravel and cement and started back from Buffalo to the dock. When it had gone about half of the distance, the scow was found to be leaking badly. An attempt was made to siphon the water with a siphon worked from the tug, which was towing it. There is some evidence that there were two siphons on the scow, but they were not used. The testimony as to the siphon is confusing. One witness testified that they began to siphon when about half way to the dock, and one witness testified that the siphon did not get into operation until about the time the dock was reached. Just as soon as the tug, with the scow, reached the dock, the scow turned over and went to the bottom, where it still is.

The libelant owner has demanded the return of the lighter and the respondent has not returned it. This suit was filed by the libelant to recover the value of the lighter.

[1, 2] I find that this contract was a bareboat charter, and that the respondent was a bailee for hire with the obligation to return the boat in the condition received, necessary wear and tear excepted. Under this form of contract a covenant to insure is not implied. Mulvaney v. King Paint Mfg. Co. (C. C. A.) 256 F. 612.

[3] The burden of proof on the owner to establish the negligence of the lessee was prima facie met by showing the failure to return the boat. Hildebrandt v. Flower Lighterage Co. (D. C.) 277 F. 436 and 438. Terry & Tench Co. v. Merritt Co. (C. C. A.) 168 F. 533; Bernstein v. Morse (D. C.) 261 F. 435; Swenson v. Snare & Triest Co. (C. C. A.) 160 F. 459; Schoonmaker-Conners Co. v. Lambert Transp. Co. (C. C. A.) 268 F. 102.

[4] The respondent offered testimony that its use of the boat was careful and proper, and that it exercised due care in its operation; that the boat was structurally defective and unseaworthy, and fell apart from age and decay. The libelant contends that the testimony shows the seaworthiness of the boat. It had undergone considerable repairs a few months prior to its charter by the respondent. Shortly after it was repaired, it was examined by a surveyor and recommended as being suitable for insurance. It had been in service under another charter for 4 months prior to the charter by respondent, and it had been in apparently satisfactory use by the respondent for 38 days.

Libelant further charges that the respondent was negligent for failure to make inspection and repairs after the boat was pinched and damaged by the collision with the canal barge, and cites The Edward A. Uhrig (D. C.) 9 F.(2d) 185; The Mars (D. C.) 9 F.(2d) 183. Without suggesting an explanation of the direct cause of the sinking, I find that the respondent was at fault, because it did not examine the boat for structural damage after the collision with the canal barge. The testimony as to the extent of the external damage is contradictory. In any event, the obligation was on the respondent to inspect the boat and see that repairs were made. There is no evidence that anything at all was done.

[5] Considerable testimony was offered by respondent to show the decrepit condition of the scow; that it was badly constructed, old, and rotten. The court is asked to find from the evidence that the old boat just finally decided to give up the ghost, turned over, and

sank. In view of the fact that she had been going about her regular business for several months, both in the service of respondent and others, and that, while the respondent had her, she had shown no evidence of undue leaking or particular weakness, I do not feel that I am at liberty to do so.

Decree for libelant.