## OVERLAND MOTOR CO. v. PACKARD MOTOR CAR CO. et al.

Circuit Court of Appeals, Seventh Circuit.
January 26, 1929.

No. 4051.

Charles Neave, of New York City, for appellant.

Frank Parker Davis, of Chicago, Ill., for appellees.

Before ALSCHULER, EVANS, and ANDERSON, Circuit Judges.

EVANS, Circuit Judge. The carefully prepared opinion of the District Court [28 F.(2d) 306] renders it unnecessary for us to make a detailed statement of facts, or to discuss some of the questions raised by appellant.

Plaintiffs brought this suit on the so-called Cowles patent No. 1,103,567 covering "Motor Wheels." They prevailed in the District Court, but the decree was reversed here. This court, however, subsequently withdrew its opinion, and certified certain questions of law to the Supreme Court which were answered favorably to plaintiffs. 274 U. S. 417, 47 S. Ct. 672, 71 L. Ed. 1131. Passing upon the merits of the controversy, this court later affirmed the interlocutory decree of the District Court. 22 F.(2d) 566. Upon remandment to the District Court, plaintiffs filed a supplemental bill, the object of which was to include in the decree a modified type of wheel called "Whippet," which defendant began making shortly after the rendition of the first decision of this court.

Upon the filing of this supplemental bill, plaintiffs applied for an injunction pendente lite, which, after extended argument, the court granted. The appeal is from this order. The District Court superseded or stayed the injunctional order pending the appeal on defendant giving bond in $5,000. It was stated on argument that the superseding order was entered on stipulation by counsel.

We are at a loss to understand why plaintiffs should have pressed their application for temporary injunction, only to consent to the suspension of the order immediately upon its being entered. Just why counsel should take so much of the court's time to secure an injunctional order and then immediately consent to its suspension has not been satisfactorily explained. Indeed, the suit might have been tried upon its merits while the losing party was taking this appeal.

Three questions are presented: (a) Was the plaintiffs' showing in the District Court sufficient under the well-recognized rules to justify the issuance of the injunction? (b) What effect should be given to plaintiffs' answers to the interrogatories submitted by defendant when this suit was begun? (c) Should defendant's infringement be determined by the claims of the patent or controlled by the answers to said interrogatories?

As to the quantum of evidence, we have no doubt that the District Judge applied the rule applicable in such cases. He was evidently well enough satisfied that the defendant's wheel, known as the Whippet model, infringed claim 9 of the Cowles patent to justify the injunction. The controverted issue chiefly involved the construction of claims controlled by the opinion of this court, and the answers which plaintiffs made to defendant's interrogatories.

When the motion for injunction pendente lite was made in the District Court, the patent had been sustained, and its validity was not involved. The opinion of this court left no room for doubt respecting the broad character of the broadest claims. There was some doubt, to begin with, as to the validity of claim 9. That issue having been decided by this court in favor of plaintiffs, there was no room for argument respecting the breadth of the broader claims of the patent, including claim 9. Likewise we accept, without further discussion by us, the District Court's conclusion that defendant's Whippet wheel infringed the patent.

This brings us, then, to a consideration of the effect of the answers which plaintiffs made to the defendant's interrogatories, submitted under the original bill.

█ When sued by plaintiffs, defendant was selling three different kinds of wheels. Describing them specifically in drawings and by models, defendant propounded to plaintiffs three questions. Plaintiffs, answering the first two questions, said that Exhibits 1 and 2 infringed. Respecting the other exhibit, plaintiff answered, "The plaintiffs do not charge infringement of the claims enumerated in the bill of complaint with reference to the particular construction shown in the drawing—defendant's Exhibit No. 3."

Defendant thereafter (but not until the patent was first declared invalid in this court in the opinion subsequently withdrawn) began selling the Whippet wheel here in controversy. It was not exactly similar to any of the wheels to which the interrogatories referred.

Defendant contends that it was similar in principle, so far as this patent is concerned, to the Exhibit 3 referred to in the interrogatories. The correctness of this contention, plaintiffs challenge.

The issue thus tendered necessitates, among other things, a consideration of the language and effect of the plaintiffs' answer to the third interrogatory.

Are plaintiffs now estopped to assert, as against the defendant, an infringement by that type of wheel described as Exhibit 3?

On the record before us, we think this inquiry must be answered in the affirmative.

The rather full discussion of the doctrine of estoppel in patent suits, appearing in George J. Meyer Mfg. Co. v. Miller Mfg. Co. (C. C. A.) 24 F.(2d) 505, makes it unnecessary for us to do more than state the facts and apply the rule.

In the instant suit, plaintiffs were given an opportunity to speak respecting the Cowles patent. They were asked specifically, and at a time when they were bound to answer, as to their position respecting this Exhibit 3 wheel. In short, they were asked whether it was an infringement of the Cowles patent. They answered, and they are now bound by their answer. The defendant had a perfect right thereafter to rely upon this answer, and to conduct its business on the hypothesis that the sale of Exhibit 3 wheels would be unmolested.

We conclude, therefore, that plaintiffs are estopped, as against the defendant, to assert that the wheel known as Exhibit 3 is an infringement of the Cowles patent.

But to what extent were they estopped? To what extent generally should the doctrine of estoppel be carried under similar circumstances?

Viewing the question as an abstract legal one, it would seem that, ordinarily, courts should strictly construe the words or acts upon which an estoppel is predicated. In other words, an estoppel should not be extended beyond the fair purport of the words or acts constituting the estoppel.

We have here a situation where three particular types of wheels were submitted to which plaintiffs might claim their patent applied. The questions did not embrace a general description of a wheel or type of wheel, but in each instance was restricted to a particular drawing which, with great detail, and specificity, informed plaintiff of the wheel defendant was selling.

What motives prompted the plaintiff to exclude Exhibit 3 is a matter of no moment. It evidently, for some reason, did not care to litigate the question of infringement by Exhibit 3 wheel in this suit with this dealer. It chose to include only the wheels shown in Exhibits 1 and 2.

An estoppel is grounded in equity and good conscience. No one should be permitted to repudiate a position by him taken and thereafter relied upon by another. But fairness demands that the party who acts in violation of another's right and because of such other's words or acts waiving such right should go no further than the act or words of waiver justify. If there be doubt due to the equivocal character of the word spoken or the act performed, it would be illogical and unfair to construe the act or word so as to enlarge the scope of the right waived.

What, then, was the fair intendment of plaintiffs' words in answering interrogatory No. 3?

In determining this query, these facts are significant: (a) Plaintiffs did not answer this question with an unequivocal "No." They said, "Plaintiffs do not *charge* infringement." Obviously this answer is to be distinguished from an unqualified admission of noninfringement. (b) Referring to Exhibit 3, plaintiffs were particular in limiting their answer "to the particular construction shown in the drawing." In the drawing referred to defendant had, with the utmost detail, disclosed one of the wheels it was selling. (c) The suit was against a dealer, not a manufacturer.

The sharply controverted issue was one of validity, not of infringement. Plaintiffs were chiefly interested in an adjudication sustaining their patent. They might have been willing to eliminate an issue, the establishment of which was not a prerequisite to a decree in their favor. But would they have consented to such a waiver had defendant submitted a question which would have described a general type of wheel rather than a wheel of specific design evidenced by detailed drawings? We hardly think so. At least, the burden of establishing such a conclusion was upon the defendant, and it has failed to meet that burden otherwise than to assert a similarity between its "Whippet" wheel and the one described in inquiry 3.

Upon the record as it comes to us, and tested by the claims of the patent rather than by the answer to interrogatory 3, we cannot say that the District Court improvidently awarded the injunction.

Of course we cannot, and do not, anticipate what may hereafter be disclosed on the final hearing.

The absence of the requirement of a substantial bond by plaintiffs on granting the injunction is doubtless accounted for by the stipulation for the superseding of the injunctional order. But no complaint is here made of the awarding of the temporary injunction without requiring bond by plaintiffs; and the matter of security is always within the control of the District Court.

The order for injunction pendente lite is affirmed.