IRA S. BUSHEY & SONS, Inc., v. W. E. HEDGER & CO., Inc.

No. 247.

Circuit Court of Appeals, Second Circuit.
April 7, 1930.

Macklin, Brown, Lenahan & Speer, of New York City (Edmund F. Lamb, of New York City, of counsel), for appellant.

William F. Purdy, of New York City (John E. Purdy, of New York City, of counsel), for appellee.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The libelant chartered its barge Hughes Line to respondent, furnishing and paying the bargee. The barge was without motive power, had been dry-docked just before the charter was made, and was used for carriage of cargo from New York to Buffalo through the barge canal. The barge was seaworthy when chartered, but, when redelivered, after two months, was damaged to an extent not accounted for by ordinary wear and tear. The libel set forth the making of the charter, the return of the barge in damaged condition, and alleged that the damage was caused by neglect on the part of the respondent in not properly caring for it and in not returning it in the same condition as when received, ordinary wear and tear excepted.

Witnesses from the tug which towed the barge from New York to Buffalo, and from the tug which brought her back, testified that she met with no casualty. Their testimony was confirmed by that of the bargee of another vessel in the tow. The respondent also put in evidence a letter from the libelant to the respondent, dated August 12, 1926, which stated that libelant had received a letter from the bargee of Hughes Line saying that the "barge was towed over rocks in the canal and struck hard several times." Respondent also introduced another letter from libelant dated September 1, 1926, saying that libelant had received a report from the bargee of Hughes Line that the barge while in tow of the tug Winthrop from Buffalo to New York "received considerable damage at bow and stern caused by action of tug * * * when its tow struck the entrance wall to Lock 16."

Upon the foregoing record, the trial judge directed an interlocutory decree for

418

the libelant on the ground that it was "encumbent upon the charterer to show that the damages had not been sustained through its negligence."

Interrogatories accompanied the answer, which was a general denial, whereby the libelant was asked for (1) the time and place of the damage and the manner in which it was sustained; (2) what the alleged acts of negligence on the part of the respondent consisted of; (3) whether the bargee was employed and paid by the libelant and was on board when the damage occurred; and (4) for copies of all reports made by the captain of the barge concerning the damage. Exceptions to these interrogatories were sustained.

The respondent contends that:

(a) The interrogatories should have been answered and the exceptions overruled.

(b) The libelant failed to sustain the burden of proof imposed upon it.

(c) The libel should have been dismissed.

 Charters of barges without motive power, accompanied by a bargee paid by the owner, are demises. The Daniel Burns (D. C.) 52 F. 159; Monk v. Cornell Steamboat Co. (C. C. A.) 198 F. 472; The Willie (C. C. A.) 231 F. 865; Hastorf v. Long (C. C. A.) 239 F. 852; Dailey v. Carroll (C. C. A.) 248 F. 466. It is argued that the barge in this case was chartered for use in the barge canal, and that the rule which makes such charters, as it was under, demises, is limited to vessels used in New York Harbor. It is also said that barges on the barge canal carry wheels hooked up for steering, and that this feature in some way differentiates them legally from harbor craft. We can see no basis for applying different rules as between barges on the canal and those in New York Harbor. Both kinds are without motive power and are essentially subject to the control and direction of the tugs which tow them. The agreements by which they are chartered are demises. Legally such vessels are regarded as in the exclusive possession of the charterer. In such a relation the charterer is only liable for negligence. But, when the barge is injured while in the exclusive possession of a bailee, the latter has the duty of going forward with evidence to explain the cause of the damage and to show that it was due to no lack of care on its part. Terry & Tench Co. v. Merritt & Chapman, etc., Co. (C. C. A.) 168 F. 533; Schoonmaker-Conners Co. v. Lambert Transportation Co. (C. C. A.) 268 F. 102; Hildebrandt v. Flower Lighterage Co. (D. C.) 277 F. 436, affirmed (C. C. A.) 277 F. 438; O'Brien Bros., Inc., v. City of New York (C. C. A.) 9 F. (2d) 542.

 It is unnecessary to say whether it would have been a wiser exercise of discretion to have sustained the interrogatories, for there was no real prejudice in any event. The only information of any importance that the respondent was entitled to was the statements of the bargee that the damage occurred in a certain way. That information it had from libelant's letters, which it put in evidence. It could not require the libelant to admit the correctness of these reports which the latter knew nothing about. Ampere Barge Company v. New York Central R. R. Co., 127 Misc. Rep. 444, 216 N. Y. S. 287. We cannot agree with the holding in F. G. & M. No. 22, 40 F. (2d) 507, 1929 A. M. C. 288, whereby a barge owner in answering an interrogatory was apparently compelled to make a binding admission based upon the report of the bargee. An admission, except when formally made at trial, even if by a party in propria persona, is at most only evidentiary matter which may be rendered nugatory by other evidence in the case.

As matters stand, the respondent offered as a defense the letters indicating, if they were of any probative value, that the damage was caused by negligent towage, and the testimony of five witnesses that no damage of the sort occurred. Such repugnant testimony afforded no sufficient explanation to meet the presumption that the damage was due to the fault of the charterer. The latter did not show freedom from negligence. In our opinion the trial judge rightly disposed of the issues.

The decree is affirmed.