**SIBLEY v. BARBER STEAMSHIP LINES et al.**

District Court, S. D. New York.

Jan. 18, 1932.

·Verdict directed for defendants, and an exception noted in favor of plaintiff.

Lucien V. Axtell, of New York City, for plaintiff.

Hunt, Hill & Betts, of New York City (H. Victor Crawford, of New York City, of counsel), for defendants.

COLEMAN, District Judge.

Since the minutes of the trial have not been furnished to me and the briefs of counsel do not contain a statement of that evidence, I cannot be specific in the citation of the testimony. It is appropriate, however, at this time to express the court's appreciation of the fairness and co-operation of counsel for both sides in the disposition of the case.

The plaintiff had been employed as an oiler on the steamship West Chetac, and when she arrived in New York he signed off with the purpose of taking an examination and returning to her service in perhaps a higher capacity. He was given permission by her officers to leave his clothes on board and to sleep there while she remained at her pier in the hope that he would be one of the officers or of the crew when she left on her next voyage.

Under this arrangement he returned to her on the night in question in company with the first mate, but was stopped at her gangplank by the first assistant engineer, who ordered the plaintiff to keep off the boat. The first mate, however, continued the permission theretofore given, and the plaintiff went on board over the objection of the first assistant engineer. While proceeding to the stateroom where he had been given permission to sleep he fell into one of the open hatches and sustained a broken arm for which he seeks to recover.

The only item of negligence sustained by the proof is that while he was proceeding to the stateroom the lights were put out. It was not negligence to have the hatch open, and I believe the preponderance of the evidence supports a finding that the hatch was duly protected with stanchions and wire cable. On the other hand, I believe that a preponderance of the evidence supports a finding that the lights were put out while he was proceeding to the stateroom under such circumstances that it would be improper to infer contributory negligence in his fall through the hatch.

The cause of the extinguishment of the lights was the deliberate and wanton act of the first assistant engineer who went to the engine room and pulled out all the light fuses soon after the plaintiff, in defiance of his order, boarded the ship. The first assistant engineer was intoxicated at the time, and in putting out the lights was probably actuated by a desire to embarrass or inconvenience the plaintiff or the chief mate. The act was at least negligence, and the question presented is whether the defendants are responsible for it.

The first assistant engineer was not on duty that night, and apparently it was no part of his duty to be on board at all. The lights were supposed to be kept burning all night, and it was no one's duty to put them out until daylight. The engineer on duty was the third assistant, and he was in his stateroom subject to call while a fireman was on watch in the engine room. While it is true the first assistant was superior to the third assistant, and would normally take charge of the engine department in the absence of the chief, the specific act charged was not done within the scope of his employment and in furtherance of his master's business. His employment gave him the opportunity to do the act, in that it gave him access to the engine room and authority over the fireman on watch, but his purpose in doing it was not to further the ship's interests, but probably to satisfy a grudge which he had against the plaintiff and the chief mate. It was not part of his duty to keep the plaintiff or any one else off the ship that night. The plaintiff was not in the service of the ship at the time, and therefore the first assistant engineer had no authority over him, nor the right to exclude him over the permission of the chief mate. Whatever his drunken idea was in attempting to exclude him, the extinguishment of the lights was not for the purpose of excluding him, but of causing him and the chief mate inconvenience, or was entirely purposeless. In no consideration can it be deemed to have been done in relation to the master's business.

It is unnecessary to determine whether plaintiff's status was that of invitee or of mere licensee, because even if he were a trespasser I believe he would have a cause of action for the affirmative act of negligence in the extinguishment of the lights while he was in the close proximity of an open hatch, provided the defendants were responsible for the act. If it were necessary to decide as to his status I would hold that he was an invitee because it may be inferred that the permission to sleep on board was an advantage to the defendants in that it tended to keep connected with the vessel a man who had previously been found satisfactory.

In accordance with the above views, a verdict is directed for the defendants. Settle order on notice.