## THE LILLIAN.

### DEMARS v. SEABOARD SAND & GRAVEL CORPORATION.

District Court, S. D. New York.

Aug. 4, 1934.

———◆———

Single, Atkins & Tyler (by Christopher E. Heckman, of New York City), of New York City, for libelant.

William F. Purdy (by Edmund F. Lamb), of New York City, for respondent.

BONDY, District Judge.

On April 4, 1927, the respondent entered into an agreement with William J. McCourt, who, with libelant, owned the scow Lillian, under the terms of which the Lillian, then in good condition, was chartered to the respondent from April 4, 1927, to January 31, 1928, to be returned in the same condition as when delivered, ordinary wear and tear excepted. When the Lillian was returned to the libelant on or about July 20, 1927, it had sustained damages not the result of ordinary wear and tear. Before the 20th day of July, 1927, the libelant purchased the interest of William J. McCourt in the scow and respondent consented to the assignment of his interest to the libelant.

On or about the 24th day of June, 1927, the libelant wrote to the respondent: "This is to advise you that the barge 'Lillian' arrived at the T. M. Foley Company yard, South Norwalk, Conn. on June 14 with a cargo of sand and was moored at their wharf with the understanding there was sufficient water to float her at all times but at low water there was but 2 ft. of water against the dock with a sloping bank and as a result of same, the barge was severely strained and caused to leak freely, so much so, she was not able to take a full cargo on her following trip. I have notified the Foley Company of this accident and will arrange to survey as soon as convenient to us both and have the damage repaired and of course will look to the T. M. Foley Company for compensation for damages sustained and ask for your co-operation in this matter."

Thereafter, the libelant filed in the United States District Court, District of Connecticut, a libel against T. F. Foley Company wherein the libelant alleged, among other things, on information and belief that the said Lillian on or about the 14th day of June, 1927, while lying at the dock of T. F. Foley Company, South Norwalk, Conn., grounded on a hard, lumpy uneven bottom as a result of which she was caused to leak, to sustain a severe twist, and to be severely strained.

The court held, "I am not satisfied upon all the evidence that the 'Lillian' was injured at the dock of the respondent as claimed," and dismissed the libel.

The Lillian, in addition to the trip to the yard of T. F. Foley Company, made six or seven voyages from respondent's loading plant on Long Island Sound to various building contractors' yards in New York Harbor and points adjacent to Long Island Sound. These included a trip to Tottenville, with cargo, after she had completed her stay at Foley's dock and before she was returned to the libelant.

■ Since the scow was chartered to the respondent in good condition and was returned

in damaged condition, it became incumbent upon the respondent to go forward with evidence to show that the damage was not caused through its negligence or the negligence of anyone to whom it had intrusted the boat. Schoonmaker Conners Co. v. Lambert Transportation Co., 268 F. 102; The Hughes Line (Ira S. Bushey & Sons, Inc., v. W. E. Hedger & Co.), 40 F.(2d) 417 (C. C. A.); Alpine Forwarding Co. v. Pennsylvania R. Co. (C. C. A.) 60 F.(2d) 734.

Neither the libelant's letter to the respondent nor his allegations on information and belief in the action against T. F. Foley Company, in view of Judge Burrows' decision in that action, is sufficient evidence of how the damage occurred or that it was not caused through the negligence of the respondent or of any one to whom the respondent had intrusted the boat. As was said in The Hughes Line (Ira S. Bushey & Sons Co. v. W. E. Hedger & Co.) 40 F.(2d) 417, 418 (C. C. A.): "An admission, except when formally made at trial, even if by a party in propria persona, is at most only evidentiary matter which may be rendered nugatory by other evidence in the case. As matters stand, the respondent offered as a defense the letters indicating, if they were of any probative value, that the damage was caused by negligent towage, and the testimony of five witnesses that no damage of the sort occurred. Such repugnant testimony afforded no sufficient explanation to meet the presumption that the damage was due to the fault of the charterer. The latter did not show freedom from negligence."

In the absence of some showing that the damage was done at Foley Company's dock, it does not appear how the respondent could be prejudiced by the libel against T. F. Foley Company.

There is no evidence other than the statement in libelant's letters that the damages were sustained by the Lillian as a result of grounding at the dock of Foley Company on June 14, 1927. And in view of the decision and the minutes in the action against T. F. Foley Company, that conclusion must be rejected.

November 26, 1929, libelant's attorneys wrote to the respondent that they had received the answer filed on behalf of T. F. Foley Company in the Connecticut suit, in which it was alleged that the Foley Company made no arrangement for the berthing of the Lillian, and stating: "In order that we may be able to bring our action against the proper parties, may we ask that you advise us by whom the cargo of the 'Lillian' was ordered, to whom it was consigned, the dock to which it was consigned and who you understand was to pay for the wharfage of the scow." It therefore appears that after the writing of the letters by the libelant to the respondent, the attorneys for the libelant did indicate that they were not sure of having sued the right party and notified the respondent accordingly.

There is nothing to show that if the respondent had sued the Foley Company it would have succeeded where libelant failed. It does not appear that the Foley Company was a tort-feasor. Respondent had knowledge of libelant's suit against that company and might have protected its rights therein had it so desired. Respondent has not shown that it has suffered any prejudice. Hence the authorities cited by the respondent holding that an action by a bailor against a tort-feasor precludes an action by the bailee against the tort-feasor for damages to the bailed property are irrelevant.

There accordingly should be a decree for the libelant.