## ELECTRIC SPRAYIT CO. v. QUICK ACTION IGNITION CO.

### No. 5557.

Circuit Court of Appeals, Seventh Circuit.

Feb. 11, 1936.

Ira Milton Jones, of Milwaukee, Wis., and Samuel Parker, Will G. Crabill, S. J. Crumpacker, and Arthur L. May, all of South Bend, Ind., for appellant.

N. S. Amstutz, of Valparaiso, Ind., and J. Walter Yeagley, and John G. Yeagley, both of South Bend, Ind., for appellee.

Before EVANS and ALSCHULER, Circuit Judges, and BRIGGLE, District Judge.

The District Court denied defendant's (appellant's) motion for an injunction to restrain plaintiff (appellee) from taking depositions in a suit brought by appellee to enjoin the infringement of a patent.

EVANS, Circuit Judge.

Upon the filing of a bill to restrain the infringement of a patent, defendant filed written interrogatories which were answered under oath by a director of plaintiff. Thereafter plaintiff was preparing to take depositions to show the date of the inventor's discovery and reduction to practice. Defendant thereupon moved the court for an order to restrain plaintiff from taking

these depositions. Plaintiff proposed by these depositions to establish a date of discovery different from that set forth in the answer to the interrogatory. Plaintiff thereupon filed affidavits purporting to show that the date given in the answer was made through an excusable mistake and that the true date of discovery was in fact different from the one previously stated. The court granted plaintiff's motion to modify the answers to the interrogatories and denied defendant's motion to restrain the taking of depositions to establish the corrected date of discovery. This appeal is from said order.

The court was justified in permitting plaintiff to withdraw its answer made to an interrogatory and to give a corrected date. The application was addressed to the sound discretion of the court and, upon a showing which the trial court deemed sufficient that an excusable mistake had been made, was properly allowed. Equity Rule 19 (28 U.S.C.A. following section 723), applicable to allowance of amendments to pleadings, would furnish support for such action.

In permitting a party to change or correct its answer the court was not passing upon the truthfulness of either the original or the corrected answer. It was, however, giving to the litigant the right to correct an answer and at the same time explain how the original mistake occurred. This is all that plaintiff requested or was permitted by the order from which this appeal is taken.

The decision in Overland Motor Company v. Packard Motor Company (C.C.A.) 30 F.(2d) 497, is readily distinguished. There, the owner of a patent long before any suit was begun, informed a competitor what types of machine would be infringements. A certain designated type was by it stated not to infringe. Thereupon the competitor made this machine. This court held that, under such circumstances, damages could not be recovered for making these machines because of the doctrine of estoppel.

In the case before us we have, in a pending suit, a question of the correction of a date previously stated as to when an inventor reduced his discovery to practice. The officer of the company owning the patent fixed the date—several years back. The company now claims that such date was erroneous and that records have been found which disclose the mistake in said date. While the case is still pending and before the trial of the suit, it asked the court for permission to correct the date. In the interest of truth and justice the court ruled that it should be permitted to do so. Bushey & Sons v. W. E. Hedger & Co. (C.C.A.) 40 F.(2d) 417. We find no error in this ruling.

The decree is affirmed.