## PRICE v. LONG DOCK CO., Inc.

### SAME v. DERBY.

#### Nos. A–15302, A–15187.

District Court, E. D. New York.
March 30, 1938.

ern R. Co. v. I. C. C., 294 U.S. 50, 55 S.Ct. 326, 79 L.Ed. 752.

Harry S. Austin, of New York City, for libelant.

Lynch, Hagen & Atkins, of New York City (Henry C. Eidenbach, of New York City, of counsel), for Long Dock Co., Inc.

James E. Turner, of Brooklyn, N. Y. (Royce A. Wilson, of Brooklyn, N. Y., of counsel), for Michael J. Derby.

MOSCOWITZ, District Judge.

These two actions were tried together. Both actions were brought to recover for injuries sustained by the libelant on the barge "Annie Bulger". This barge was owned by the respondent, Michael J. Derby. It was under a demise charter to the respondent, Long Dock Co., Inc. The agreement between Derby and the Long Dock Co., Inc., provided for the charter of the barge at $12.00 per day which included the barge captain's services; the captain's services being paid by Derby.

At the trial it was decided that the injuries sustained by the libelant were caused by the negligence of the captain of the barge and without any fault on the part of the libelant. The only question reserved for decision was the question of liability, whether the barge captain in placing the hatch cover at the time of the accident was acting in behalf of the Long Dock Co., Inc., or Derby.

The libelant was a stevedore or a longshoreman and was working in the hold of the barge "Annie Bulger", moored at Pier D, in the waters of the Hudson River, off the New Jersey shore. While working in the hold of the "Annie Bulger" he was struck by the hatch cover. The captain of the barge testified that some rain was falling and that in endeavoring to place the hatch cover on the hatch it slipped and fell.

There can be no question that the hatch cover was negligently handled by the barge captain and that as a result thereof the libelant sustained injuries.

It is the contention of Derby that the captain of the barge was not acting for him, but was acting for the charterer, Long Dock Co., Inc., in replacing the hatch cover and that his sole purpose was to protect the cargo of grain from the rain. This is unlikely as the accident occurred at 11:30 a. m. on April 9, 1937, and the weather report indicates a rain fall of only .01 of an inch between the hours of 11 a. m. and 12 noon. Furthermore, it appears from the evidence that the trimmer Conroy instructed the barge captain not to replace the hatch cover. There is no evidence indicating that the replacing of the hatch cover by the barge captain was for the benefit of the cargo of grain, and it is doubtful whether the captain of the barge had that in mind.

In replacing the hatch cover the captain was acting for Derby and not for Long Dock Co., Inc. Calhoun v. Daly, 18 F.Supp. 1005, D.C.S.D.N.Y., affirmed without opinion, 2 Cir., 89 F.2d 1004. It was the duty of the barge captain to tend the barge and to see to it that it was kept sea-worthy. In this respect replacing hatch covers is in the same category as pumping, or tending lines.

Consideration has been given to the following cases submitted by the respondent Long Dock Co., Inc. and by the respondent Derby: Dailey v. Carroll, 2 Cir., 248 F. 466; The Castleton, 2 Cir., 64 F.2d 11; The Trenton, 2 Cir., 72 F.2d 283; Donovan v. New York Trap Rock Corp., 2 Cir., 271 F. 308; The Junior, 2 Cir., 279 F. 407; The Peerless, 282 F. 1000, D.C.S.D.N.Y., affirmed without opinion, 2 Cir., 282 F. 1004; The Raymond M. White, 290 F. 454, D.C. E.D.N.Y., affirmed without opinion, 2 Cir., 296 F. 1023; C. F. Harms Co. v. Turner Const. Co., 2 Cir., 3 F.2d 591; The B. B. No. 21, 2 Cir., 54 F.2d 532; O'Brien Bros. v. City of New York, 7 F.2d 485, D.C.E.D. N.Y., affirmed without opinion, 2 Cir., 7 F.2d 488; The Ernest, 1927 A.M.C. 560, E.D.N.Y.; The Fred E. Hasler, 2 Cir., 55 F.2d 919; The Joseph J. Hock, 2 Cir., 70 F.2d 259; Standard Oil Co. v. Anderson, 212 U.S. 215, 29 S.Ct. 252, 53 L.Ed. 480; Hastorf v. F. R. Long, etc., 2 Cir., 239 F. 852; Ira S. Bushey & Sons, Inc. v. W. E. Hedger & Co. Inc., 2 Cir., 40 F.2d 417; The Thomas P. Beal, 3 Cir., 11 F.2d. 49; Monk v. Cornell Steamboat Co., 2 Cir., 198 F. 472; The Daniel Burns, D.C.S.D.N.Y., 52 F. 159; Harry F. Hooper, D.C., 42 F. 2d 758; Naposki v. McAllister Lighterage Line, Inc., 257 N.Y. 611, 178 N.E. 816; Anderson v. Boyer, 156 N.Y. 93, 50 N.E. 976; and Sibley v. Barber Steamship Lines, 57 F.2d 318, D.C.S.D.N.Y.

In view of the finding that the captain of the barge was not acting as agent

of the charterer Long Dock Co., Inc., but as agent of Derby, the libel will be dismissed as to the Long Dock Co., Inc. The Derby will be held liable for damages resulting from the libelant's injuries.

The libelant's injuries consisted of bruises and contusions about the neck and shoulder; strain of both shoulders, back and neck; also a scalp wound requiring six stitches. After the accident he was taken to the City Hospital, Jersey City, and on the same day he was sent to his home and was confined there from April 9, 1937, to May 12, 1937. Medical expenses were $16.00. Libelant had been earning $30.00 a week.

At the conclusion of the trial libelant's proctor stated that, in his opinion, the libelant should be awarded $500.00. If it were not for that, the Court would be inclined to award the libelant a larger sum.

It is refreshing, indeed, that the libelant has requested such a modest sum. This is quite unusual in lawsuits. It is a rare happening and worthy of note. Would that there were more such litigants!

The libelant will be awarded $500.00 against Derby.

Settle findings and decree on notice.