**NEW ENGLAND FOUNDATION CO., Inc., v. RUGO CONST. CO., Inc.**

**No. 1037.**

District Court, D. Massachusetts.

April 23, 1945.

Bingham, Dana & Gould and Albert T. Gould, all of Boston, Mass., for libellant.

Charles A. McCarron and Thomas H. Walsh, both of Boston, Mass., for respondent.

SWEENEY, District Judge.

This is a libel in admiralty by the New England Foundation Company, Inc., owner of Lighter No. 1, against the Rugo Construction Company to recover for damage sustained by the lighter while under charter to the respondent.

Findings of Fact

On July 5, 1941, the respondent, Rugo Construction Company, entered into a contract with the Navy Department, Bureau of Yards and Docks, to perform certain construction work at the Naval Air Station, Squantum, Massachusetts.

On August 28, 1941, the libellant demise chartered Lighter No. 1 to the respondent on the following terms: "One derrick lighter, $800 a month rental, no fuel, transportation or personnel". In these negotiations the Rugo Construction Company acted through William H. Curley, a civilian employee of the Navy Department.

On November 5, 1941, the lighter was again demise chartered to the respondent. The terms of this contract of hire were the same terms as those which had governed the August charter except that the hiring was to be by the month with no "split months". The lighter was delivered to the respondent on November 5, 1941, by turning her over to a tug of the Hall Tug & Barge Corporation which had been dispatched on behalf of the respondent to take the lighter to Squantum. The lighter was then used by the respondent in pulling piles at Squantum.

On December 3, 1941, Curley ordered the lighter tied up outside of another boat in the crash boat slip. I find that this was

144

a clear berth. On that same evening the lighter was sunk and on the bottom at the berth in Squantum.

I find that on November 5, 1941, when Lighter No. 1 was chartered to the respondent, she was seaworthy, in good condition, and properly fitted for the ·work in which she was expected to engage. There is some evidence that the hull was "leaking slightly" on September 2, 1941, but this did not make her unseaworthy. The lighter was used almost continuously by the respondent until the day she sank. Furthermore, the respondent re-chartered the lighter in November, 1941, without making any representations of unsound condition to the libellant. Although a showing of continuous use by the charterer does not establish seaworthiness at the time of the charter, it does serve to buttress other testimony on this issue. I further find that when Lighter No. 1 was sunk she was in the possession and control of the respondent during the charter period. No evidence of negligence on the part of the respondent has been introduced.

### Conclusions of Law

The parties are in agreement that this is a demise or bare-boat charter. This constitutes a bailment of the vessel, and the charterer or bailee is responsible for any damage to the demised vessel caused by the negligence of the charterer, or of those to whom the charterer entrusts the vessel, or of those whom the charterer permits to exercise dominion over the vessel. Howard v. Dobbins-Trinity Coal Co., Inc., 2 Cir., 111 F.2d 571.

The burden of proving negligence is initially on the libellant. However, if the libellant shows delivery in good condition and return by the charterer in damaged condition a presumption of fault on the part of the charterer is raised. Moran Towing & Transportation Co. v. Raritan Copper Works, D.C., 41 F.2d 255. The burden then rests on the charterer to go forward with exculpatory evidence of sufficient weight to overcome the presumption of negligence. Tomkins Cove Stone Co. v. Bleakley Transportation Co., Inc., 3 Cir., 40 F.2d 249; Howard v. Dobbins-Trinity Coal Co. Inc., supra.

In the instant case the charterer has introduced no evidence either to explain the cause of the sinking of Lighter No. 1, or to show that no negligence on his part was causally connected therewith. Fur-thermore, the respondent has brought forward no evidence of non-negligent conduct in his entire relation to the vessel over the period of the charter.

Since the burden of rebutting the presumption in favor of the libellant has not been sustained by the respondent, a decree is to be entered for the libellant. Application may be made for reference of the cause to a commissioner for the determination of the question of damages.